JOE COLLINS v. THE STATE.

No. 13150.   Delivered March 19, 1930.
Reported in 26 S. W. (2d) 242.

The opinion states the case.

*Crumpton & Crumpton* of Texarkana, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, seduction; penalty, two years in the penitentiary.

The indictment charges the offense to have happened on about the 1st day of December, 1927. Prosecutrix testified to an attempted act of intercourse happening on the 8th day of December, 1927, and two completed acts happening shortly after that time. As the result of the last of these she gave birth to a child some nine months thereafter. When it was ascertained that she was in a family way and upon the refusal of the appellant to marry her, a complaint charging appellant with rape by force was filed against him. The grand jury, however, seems to have indicted him for seduction. We deem it unnecessary to recite in detail the evidence. Suffice it to say the issue of appellant's guilt was a closely contested one. It is vigorously argued that the evidence is insufficient, particularly upon two points, namely: (1) That the evidence wholly fails to show that prosecutrix was an unmarried woman, (2) that it fails to show that she yielded her virtue solely and only by reason of a promise of marriage in that she testified that she never at any time consented to the act, but that same was forced upon her by appellant. Upon the last issue we think it unnecessary to express an opinion.

It clearly, however, raised the defensive issue which we discuss below. We quote literally a part of prosecutrix testimony: On direct: "The reason I had intercourse with him is that he begged me into it. We were going to get married anyway he said and we might as well go on now." On cross: "He begged me and said we were going to get married. He said why not,—and he almost forced himself on me. * * * Yes, I will testify that it was done without my consent. * * * No, I did not consent. He just forced it on me against my will, yes. * * * Yes, I did consent to marry him and I did not consent to have intercourse with him. * * * Q. If I understand correctly you did not yield your person to Joe Collins with your consent by reason of any engagement to marry, but he forced you into the act of intercourse? A. Yes." If the testimony shows that prosecutrix in having carnal intercourse with appellant was actuated either in whole or in part by fear or by lust, or by both of these, the crime of seduction is not proven. If such an issue be raised by the evidence, a charge pertinently instructing the jury upon this phase of the case should be given. Simmons v. State, 54 Tex. Crim. Rep. 624; Nolan v. State, 48 Tex. Crim. Rep. 438; Muhlhause v. State, 56 Tex. Crim. Rep. 288. The two crimes of rape by force and seduction are distinguishable in one important particular. If she consents, the offense could not be rape by force and if she refused to consent and yields her person through fear, the offense could not be seduction. These two offenses cannot co-exist. In one of their essential elements they are the antithesis of each other. Addressing himself to the question under discussion, Judge Davidson said:

" 'He took hold of me, and I remonstrated with him. I was afraid of him and he promised to marry me. He never did get my full and free consent. I would not have done it, had I not been afraid of him.' * * * Her testimony upon cross-examination eliminated from this case the crime of seduction. It was a crushing blow to the prosecution. Now, in attempting to reinstate the case before the jury, these leading question were permitted to be asked. Counsel for appellant objected because they were leading. The court should have sustained the objection. The witness, however, never did so qualify her testimony as to eliminate fear from the case. * * * While the court told the jury in its general charge that they must believe that Annie Hamlet was induced to agree to the act of carnal intercourse with the defendant upon his promise to marry her; and while the court gave a portion of said special charge to the effect that if they believed she was moved to such intercourse by fear or lust

they would acquit the defendant, yet the jury were nowhere told that she must have yielded alone upon the promise of marriage, and they were nowhere told that if she was moved to such intercourse partly by a promise of marriage and partly by fear or lust they would acquit. The evidence, as above stated, brought this question directly to the attention of the court, and was the real issue in the case; and the special charge asked, or one embodying the essential features thereof, should have been given to the jury." Barnes v. State, 37 Tex. Crim. Rep. 327.

So in this case the trial court pertinently defined the crime of seduction and defensively submitted the question of her yielding by reason of lust but nowhere submitted the question of her yielding by reason of fear, nor of the question which is the same in effect of her refusal to consent and yielding by force. Of course consent does not have to be express. There may be an implied consent, but if the female alleged to be seduced was forced to do so and never at any time yielded either her express or implied consent to the act, an indispensable element of the offense is lacking in the proof. This phase of the case, we think, was sufficiently called to the Court's attention by appellant's special charge exhibited in Bill of Exception No. 29. The issue is undoubtedly present as to whether or not she willingly cohabited with appellant solely and only by virtue of his promise of marriage. The cases cited and particularly the Barnes case, supra, will indicate to the trial court the character of defensive charge that should be given on another trial.

We find in this record no direct testimony whatever in support of the allegation of the indictment that prosecutrix was an unmarried female at the time of the alleged seduction. This was an indispensably necessary element of proof under the statute. There may be circumstances in the record meagerly sufficient to support such an inference but where the prosecutrix testifies, such matter ought to be directly proven. People v. Krusick, 28 Pac. 794.

Nor do we think the testimony that the father and mother of prosecutrix were dead should have been admitted in evidence over the objection of appellant. The testimony might become under some circumstances admissible where it tends to prove, rebut or explain some issue injected into the case, but plainly it is not admissible as original evidence of the guilt of the accused and is a matter susceptible of appropriation by the jury to appellant's prejudice.

For the errors above discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.