JEWEL LANDERS v. THE STATE.

No. 13568. Delivered December 10, 1930.
Rehearing Denied June 3, 1931.

The opinion states the case.

*McKinney & Berry,* of Cooper, *Spurgeon & Spurgeon,* of Paris, and *Crosby & Estes,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for seduction; punishment, two years in the penitentiary.

The prosecutrix, Miss Rachel Jeter, and appellant were practically reared in the same community, and there is no dispute of the fact that they went constantly with each other for several years at and prior to the time of this alleged seduction. She testified that they became engaged, and that in the month of December, 1926, when she was sixteen years old, appellant had intercourse with her upon his promise to marry her; that thereafter he had other acts of intercourse, in all of which she consented, relying upon his promise to marry her; that she became pregnant, whereupon appellant ceased his attentions to her and refused to marry her. The testimony of the young lady touching her engagement to marry appellant was corroborated by a number of witnesses.

As we understand appellant's defensive position, it is that while he had numerous acts of intercourse with prosecutrix, same were with her consent and according to her desire, and were not had upon his promise to marry. He testified that the first act of intercourse between them occurred prior to December, 1926. There is no testimony in the record showing any act of intercourse by prosecutrix with any person other than appellant prior to the date mentioned.

In his main charge the court told the jury that if they believed from the evidence beyond a reasonable doubt that appellant, on or about the 1st of December, 1926, had carnal knowledge of Rachel Jeter, an unmarried female under the age of twenty-five years, by a promise to marry her; and if they believed from the evidence that she was at that time a chaste woman,—that is, one who had never theretofore had carnal knowledge of a male person,—and that if they further believed from the evidence that such carnal knowledge, if any, was secured by appellant by means of such promise to marry her, then and in that event they should find the appellant guilty of seduction.

As we understand appellant, he claimed upon the trial and still claims that Miss Jeter was induced to yield her person to him moved by lust and desire, and that she did not rely upon a promise to marry. There were some exceptions to the charge upon the idea that it did not sufficiently present the point above referred to. We observe that the court below gave special charge No. 5 asked by appellant. In said special charge it is said:

"To constitute the offense of seduction, it must appear that carnal intercourse with the female was accomplished by means of a promise to

marry her, made prior to the illicit intercourse, such promise and the yielding her virtue in consequence thereof, constitutes the gist of the offense. * * *

"If you believe from the evidence that the defendant had intercourse with Rachel Jeter on or about December 1, 1926, and at said time was not engaged to her and had not promised to marry her and did not at said time under promise of marriage carnally know her, or if you believe that defendant had carnal intercourse with said Rachel Jeter as alleged and at said time had promised to marry her, and you further believe that she yielded her person to his carnal embraces simply from her own will and sexual desires and not because of any promise to marry or if you believe she had had intercourse with some person before she copulated with defendant, you will acquit the defendant and say by your verdict not guilty."

In our opinion said special charge adequately presented to the jury the proposition that if she yielded her person to appellate through other considerations than the promise to marry, they could not convict; also we are of opinion that said special charge submitted to the jury that they could not convict if they found that prior to her having intercourse with appellant on the occasion mentioned, she had had intercourse with any person. In other words, the court told the jury, in substance, that if at the time she had intercourse with appellant, which forms the basis of this prosecution, she was an unchaste woman, they could not convict.

There are many bills of exception in the record complaining of leading questions A leading question is not merely one that can be answered yes or no, or that calls for the answer yes or no, but it must go further and suggest to the witness the answer which the interogator desires. We have examined the bills of exception and are unable to agree to the appellant's contentions.

We do not think the court erred in declining to grant appellant's third application for continuance. As to the witness Fagan, no diligence is shown. Other witnesses appeared and testified.

We have considered the various contentions made on behalf of appellant, and not being able to agree with any of them, and no error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is the settled law in this state that to make out the offense of seduction the injured female must have surrendered her virtue solely on the promise of marriage; if she submits to the carnal embrace partly because of such promise and partly from some other inducing cause it is not seduction. Barnes v. State, 37 Texas Crim. Rep., 320, 39 S. W., 684; Nolan v. State, 48 Texas Crim. Rep., 436; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W., 841; Mulhause v. State,

56 Texas Crim. Rep., 288, 119 S. W., 866; Collins v. State (Texas Crim. App.), 26 S. W. (2d) 242. It is appellant's contention that the issue last suggested was raised by the evidence and that no instruction covering it was given the jury. In the main charge the court gave no defensive instruction at all. Written exceptions were presented complaining in substance that nowhere in the charge was the jury instructed that appellant should be acquitted if prosecutrix consented to carnal intercourse "through any other inducement than a promise of marriage." Appellant further contends that special charge number five which was given and which is set out in our original opinion, does not cover the issue raised. By reference to the charge it will be seen that upon the subject under discussion it only told the jury if prosecutrix "yielded her person to his (appellant's) carnal embrace simply from her own will and sexual desires, and not because of any promise of marriage" he should be acquitted. The charge does not undertake to inform the jury what would be the legal result if she yielded her person partly through the promise of marriage and partly through some other inducing cause, such as that called to the court's attention in special charge number fifteen. A portion of special charge number fifteen is as follows:

"* * * or if you believe she was moved to submit to carnal intercourse through her own passion, or a desire to get defendant to continue his visits to her, and not alone on an unconditional promise to marry, in good faith relied upon by Rachel Jeter, or if you have a reasonable doubt as to whether she was moved to consent through motives other than a promise to marry, you must acquit."

Appellant relies upon the testimony of prosecutrix as raising the issue covered by said requested charge. Her testimony is as follows: "* * * Before I yielded to him he asked me to have intercourse with him and says anyway what difference did it make; he insinuated that I was cruel and didn't love him, and everything. Yes, he had asked me to do that before; the first time he asked me to have intercourse with him was about six or seven months before that and I refused; he also asked me between that date and the date I finally yielded to him to have intercourse with him and I refused each time; when I refused he got mad and left a time or two—left; he left two or three times. I yielded to him when I did on the promise to marry, I would not have yielded under any other conditions whatever; I believed his promise to marry at that time. If I had not believed him and trusted him to marry me I would not have yielded my virtue to him."

It is appellant's contention that the issue sought to be submitted in special charge number fifteen was pertinently raised by the evidence quoted and that the refusal of said special charge was error.

We are of opinion the evidence quoted when fairly construed does not raise the issue contended for by appellant. It is positive to the point

that prosecutrix had on more than one occasion refused appellant's importunities, and yielded only when she did upon the promise ,of marriage. The relation by her of appellant's conduct when disappointed in his desires cannot fairly be construed as raising the issue presented in the requested charge.

The motion for rehearing is overruled.

*Overruled.*