## Danon Muckelroy v. The State.

### No. 17589. Delivered May 22, 1935.

The opinion states the case.

*Frank L. McClendon,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is seduction; the punishment, confinement in the penitentiary for two years.

The parties involved are negroes, appellant being nineteen years of age and prosecutrix, Pearline Hilburn, seventeen. According to the testimony of prosecutrix, she and appellant were in an automobile when the act of intercourse occurred. We quote from her testimony on direct examination as follows: "We were in the automobile. Danon (appellant) and I had been kissing and hugging that night. He had stopped his automobile. He asked me did I love him. I told him yes I did. He told me if I loved him to prove to him that I did and I told him I couldn't afford to do anything like that. He was feeling of my privates at that time. And he said 'It looks like to me you wouldn't object because I have already said we are going to marry and doesn't seem like you would object any to what I have asked you.' After he promised to marry me I submitted to him and had intercourse with him." The testimony of prosecutrix was to the further effect that she and appellant had been going together for several months and that on occasions appellant had mentioned marriage to her. She

said: "I considered myself engaged in a way. I had confidence in him and believed what he said. That was all. We did not have any wedding date set." Again she testified: "I resisted him. I told him I couldn't. He just kept on. He really intruded on me. He just forced and pulled me on over and he kept on till he did. As to whether I couldn't stop him from doing it, after he told me I shouldn't object, after he promised me that, you see I really believed him." We quote further from her testimony on direct examination: "This night that we had the act of intercourse after he told me what he did I thought it was no harm. I had physical feelings that prompted me to."

Appellant was attending school in Galveston. When prosecutrix became pregnant she went to Galveston, accompanied by her mother and a lawyer, and advised appellant as to her condition. We quote from the testimony of the lawyer, who was present at the time and talked to appellant, as follows: "At the time he (referring to appellant) came out of the rooming house and sat on the front running board of the car and I went into this matter thoroughly with him and he told me he was the cause of the girl's condition. He admitted that he had had this act of intercourse on June 18th with this girl. He told me he had promised to marry her before that." The testimony of said witness was to the further effect that appellant promised that after conferring with his parents he would marry prosecutrix.

Appellant did not testify but introduced a witness who gave testimony to the effect that on several occasions he had had sexual intercourse with prosecutrix. Prosecutrix admitted she and the witness had hugged and kissed but denied that she had sexual intercourse with him.

If the testimony shows that prosecutrix, in having intercourse with appellant, was actuated either in whole or in part by lust the crime of seduction is not proven. Collins v. State, 26 S. W. (2d) 242, and authorities cited. It is observed that upon direct examination by counsel for the State prosecutrix testified that, prior to the time appellant asked her to have intercourse with him and prior to the time he told her he would marry her, he was hugging and kissing her and feeling of her female organ. Again, it has been observed that prosecutrix testified: "I had physical feelings that prompted me to." It is true that the court charged the jury to acquit appellant if they believed that prosecutrix was actuated in whole or in part by lust. As we view the record, prosecutrix's testimony

showed without contradiction that she was actuated in part by lust. It follows that we are of opinion that the evidence is not sufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.