FRANK ROCCAFORTE V. THE STATE.

No. 21857. Delivered February 11, 1942.

The opinion states the case.

*Baldwin & Jernigan,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is seduction. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant first challenges the sufficiency of the evidence to justify and sustain his conviction. After a most careful review of the State's testimony, we are of the opinion that his contention is well founded.

The material testimony adduced by the State, briefly stated, is as follows: The father of the prosecutrix testified that on one occasion the appellant, together with another boy, a girl and the prosecutrix, came to his home for the purpose of permitting her to change her clothes; and that on another occasion the appellant and a young couple came there and got her to go fishing with them; that in the Fall of 1940, about September or October, he discovered that she was pregnant; that she was not and had not been married at that time.

The prosecutrix testified that she was eighteen years of age about the 23rd day of July, 1940; that she worked at a canning plant and later at a cafe; that she had been going with appellant off and on for about a year prior to the night in question; that she guessed they were sweethearts; that on the night of July 23, 1940, she went with her sister and Marshall Williams to Bland's Dance Hall, where she met appellant; that about 10:30 or 11:00 P. M., appellant escorted her to her home in Orange; that on the way to where she was boarding and rooming he solicited her for sexual favors; that after he promised to marry her she agreed to engage in sexual intercourse with him and did so. She further testified as follows:

"Frank said if I would commit the act he would marry me. That was on the night of July 23rd."

She claimed that on two subsequent occasions—once about two weeks later and the last time on a later date—she engaged in sexual intercourse with him. She also testified that she met him at Bland's Dance Hall and at a dance given at the Catholic Home which he attended; that on the occasion in question she submitted to his overtures and inducements because she cared for him more than for her life and because she thought he would marry her; that he promised to do so before she yielded; that after she became aware of her pregnant condition she went to see him and advised him thereof but he declined to have anything to do with her, claiming that he had no way of supporting her.

A sister of the prosecutrix testified that appellant had gone with the prosecutrix; that they were sweethearts; that about the first of October, while she was dancing with appellant at Bland's Dance Hall, he told her that he and Mildred were engaged and he further stated, "I am going to marry Mildred, I guess; I promised to marry her because she was nice to me." He told the witness that he wanted her to be nice to him but she refused to do so.

Two of the grand jurors testified on behalf of the State that appellant, in obedience to a subpoena, appeared before that body (at least the State admitted that he appeared in obedience to a subpoena) and after being warned that he did not have to make any statement and that any statement that he might make would be used in evidence against him concerning the offense to which it related; that after being so warned he admitted that he had carnal knowledge of the prosecutrix; that such statement was not reduced to writing and signed by him. Appellant promptly objected to the testimony on the ground that it was not in compliance with the statute. This objection was overruled by the court and the testimony was admitted. This matter is not properly brought before this court for review; hence we cannot consider it.

Although the prosecutrix testified that she had met appellant at many dances and danced with him, she did not mention a single instance when he took her to a dance, party, show, or church, or that he visited her at the place where she made her home. Consequently her testimony fails to show that character of attention which a young man ordinarily pays a young lady with whom he is infatuated and whom he intends to marry. In the present case, we have but a blunt offer to marry her in con-

sideration of sexual favors at some future time with no date specified for the performance thereof, not even the month or year in which the marriage might be consummated. There is no evidence from any source that he, theretofore or thereafter, paid her any marked attention, wrote any letters to her or gave her any presents; and no one undertook to corroborate her on the promise of marriage except her sister who testified as above set out. If the testimony of the prosecutrix be true and is corroborated in every respect, it is, in our opinion, insufficient to sustain a conviction for the offense of seduction because it fails to show any of those "arts, wiles and blandishments" so necessary to win the heart of a young woman and cause her to surrender her virtue to him. It simply shows a blunt promise to marry in exchange for sexual favors without previous manifestations of admiration for or devotion to the prosecutrix.

In the case of Spenrath v. State, 48 S. W. 192, this court quoted with approval from an opinion delivered in the case of State v. Reeves, 97 Mo. 668, 10 S. W. 841, as follows:

"No one can with any degree of plausibility contend that a virtuous female could be seduced without any of those arts, wiles and blandishments so necessary to win the hearts of the weaker sex. To say that such a one was seduced by simply a blunt offer of wedlock in futuro, in exchange for sexual favors in praesenti, is an announcement that smacks too much of bargain and barter, and not enough of betrayal. 'Tis hire or salary, not seduction."

We think the facts of this case are very similar to those appearing in Murphy v. State, 65 Tex. Cr. R. 55, 143 S. W. 617, in which this court, in its opinion, made the following observation:

"It is shown that the prosecuting witness was often at the house of Mrs. Murphy and defendant was frequently at the hotel kept by Mrs. Cowart, thus showing an opportunity to have courted and had the sexual intercourse, but the evidence does not disclose those attentions or acts which it takes to win a woman's affection and confidence to that extent which would cause her to yield her person under circumstances that would constitute seduction. It may be, on another trial, this can be shown, but the record brought to us should show those facts, for no one can contend that a virtuous female could be *seduced* without any of those arts, wiles and blandishments so necessary

to win the hearts of the weaker sex. It is not shown that he ever visited her prior to the time the prosecuting witness says they became engaged to marry, and, while he was away from home a great portion of the time, that he ever wrote her a letter."

See, also, Gleason v. State, 77 Tex. Cr. R. 300.

If this court should hold that every time a man promises a woman under the age of twenty-five years to marry her at some future date in consideration of sexual favors in the present and they should engage in sexual intercourse, although the woman was actuated either in whole or in part by lust, it would be placing the stamp of approval on illicit sexual relations between men and women and would subject men to criminal prosecution and penal servitude. To lay down such a rule would, in our opinion, be contrary to the meaning and spirit of the statute and the established doctrine of this court. In support of what we have here said we refer to the case of Muckelroy v. State, 128 Tex. Cr. R. 560.

We do not deem it necessary to discuss the jury's conduct in arriving at their verdict inasmuch as that question may not arise again upon another trial.

From what we have said, it follows that this case should be reversed and the cause remanded. However, in the event the State desires to further prosecute the case, it may be that it will be able to adduce additional testimony upon another trial.

It may not be amiss to here state that in the event of another trial, the prosecutrix should not be permitted to exhibit the child to the jury over the objection of the appellant as was done upon the trial in the court below. Neither should the grand jurors be permitted to testify to any statements made by appellant to the grand jury while he was under bond and his appearance before that body was in obedience to a subpoena. See Williams v. State, 88 Tex. Cr. R. 87; Davis v. State, 99 Tex. Cr. R. 477.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.