JAMES A. THOMPSON AND ANOTHER v. THOMAS W. HOUSE.

Where the record showed that the defendants below, by attorney, filed a petition for a writ of error, and that a bond for a writ of *supersedeas* was also filed and approved; and one of the defendants, after the writ had been perfected, filed an affidavit with the clerk of the District Court, denying that he had authorized any one to sign his name to the bond, and alleging, that he had not authorized any one to apply for a writ of error in his behalf; this court refused to consider, under such a mode of presenting the question, how far it might go, in investigating the question of fact, as to the authority of the attorney, in order to protect its jurisdiction from abuse.

An affidavit thus filed is no part of the record.

It is the petition for the writ of error, in the name of both of the defendants below, and not the bond, which gives this court jurisdiction of the case as to both of the plaintiffs in error; and by that it is to be determined, who are the parties to the writ.

ERROR from Harris. Tried below before the Hon. Peter W. Gray.

This was a suit by the defendant in error, against James A. Thompson and William R. Baker, the plaintiffs in error, on a promissory note; there was judgment for the plaintiff against the defendants; and on the 3d day of July, 1858, a petition for a writ of error and *supersedeas* was filed in the office of the district

Thompson v. House.

clerk, in the name of the plaintiffs in error, signed " D. J. Baldwin, for plaintiffs in error ;" at the same time, a bond was filed and approved, purporting, on its face, to be made and signed by the plaintiffs in error. The name of Baker was subscribed thus, " Wm. R. Baker, by J. A. Thompson."

The affidavit of Baker, disclaiming any action on his part, in procuring the writ of error, was made on the 19th day of February, 1859, and filed at the same time.

*C. B. Sabin*, for the defendant in error, suggested delay.

Roberts, J.—We find attached to the record in this case, an affidavit of Baker, one of the defendants below, stating in substance, that he had not authorized any one to apply for a writ of error in his behalf, and that he had not authorized any one to sign his name to the bond given to obtain the *supersedeas :* and asking this court to dismiss the writ of error. It is the petition for the writ of error, in the name of both of the defendants below, and not the bond, which gives this court jurisdiction of the case, and by that we are to determine who are the parties to the writ. The attorney assumes to act for both defendants, Thompson and Baker, in filing the petition. His authority to act for Baker, is attempted to be disputed.

We do not feel called upon, by this mode of presenting the question, to consider how far this court may go, in investigating the question of fact, as to the authority of the attorney, in order to protect the jurisdiction of this court from abuse. The affidavit is no part of the record, and if Baker had designed, seriously, to ask any action of this court upon the attorney's want of authority, he should have appeared here by himself, or counsel, and prosecuted the inquiry. Without intimating what would be his remedy, should he be able to establish that fact, we simply decline any action upon the matter, as now presented. Judgment affirmed with ten per cent. damages.

Affirmed with damages.