### A. B. JOHNSON V. THE STATE.

*No. 661. Decided November 15.*

**1. Disorderly House — Variety Theatre — Character of Women Employed.**—The law requires the keeper of a theatre to be reasonably diligent in ascertaining the character of the women he employs; and all that is required of the State, as to the character of the women, in a prosecution for keeping such disorderly house, is to show facts that would put a reasonable man on notice.

**2. Same.**—The statute (Penal Code, article 339), as amended by Acts Twenty-first Legislature, page 33, is violated if either a prostitute is knowingly employed, or by permitting such a woman, after employment, to conduct herself in an indecent manner.

APPEAL from the County Court of Mitchell. Tried below before Hon. C. H. EARNEST, County Judge.

Appellant was charged by the indictment with being the owner and manager of a theatre, dance house, and house for retailing spirituous liquors, and with knowingly employing and having in his service, in said house, prostitutes, lewd women, and women of bad reputation for chastity, and with permitting such women to conduct and display themselves in said house in a lewd, lascivious, and indecent manner. At the trial he was convicted, with his punishment affixed at a pecuniary fine of $100.

No statement of the facts is required.

*Smallwood & Smith*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of being the owner and manager of a theatre where intoxicating liquor was sold, and in which he knowingly employed prostitutes, and permitted them to display themselves in a lewd and indecent manner, and he was fined $100. It was proven by the State, that women employed in appellant's theatre were prostitutes, and bore that reputation for two years or more prior to their employment by appellant. That not only was their reputation for chastity bad in the community, but had been so testified to in trials in the presence of appellant while he had them in his employ. It was further proven by the State, that the songs on the stage were vulgar, and that after the theatre was over the women would go off with the men; would retire to rooms with them. Would drink with them, and throw their arms about them, and that the character of the theatre was such that no respectable woman could be connected therewith without losing her reputation for chastity. We think this fully proves the character of the theatre to be that of a disorderly house. If it were possible for appellant to run a theatre of this character and remain in ignorance of the acts and

doings of the inmates which gives it so unsavory a reputation, he could not successfully plead it in such a case as presented by this record. The law requires him to be reasonably diligent in ascertaining the character of the women he employs, and all the State is required to do is to show facts that would put a reasonable man on notice.

The statute is violated if either a prostitute is employed knowingly, as above defined, or by such a woman being permitted, after employment, to conduct herself in an indecent manner.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.