## Ex Parte J. J. Maple.

No. 14043.   Delivered November 12, 1930.
Rehearing denied November 26, 1930.
Reported in 33 S. W. (2d) 734.

F. O. *Fuller* of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an application for a writ of mandamus to compel the preparation and forwarding to this court of the record.

It appears that J. J. Maple was indicted and tried in the District Court of Harris County for the offense of murder. He was represented by counsel appointed by the court. A plea of guilty was entered. On motion for new trial, his attorney, through his own affidavit and that of others, presented the issue of the insanity of Maple. The affidavits attached to the motion raised the question of insanity at the time the plea of guilty was entered and at the time the motion for new trial was overruled. A writ of mandamus is sought upon the ground that notice of appeal had been given and that in consequence thereof the jurisdiction of this court attached, but that the judge and officers in charge of the trial court are unwilling to recognize the appellant's alleged appeal.

From the papers presented here, it appears that the appellant was tried on the first day of October and on the 18th day of that month his motion for new trial was overruled and the following order was entered:

"On this the 18th day of October, A. D., 1930, came on to be heard the Defendant's First and Second Supplemental Motion for a New Trial in the above entitled and numbered cause; and appeared the parties, the State by her District Attorney, and the defendant, J. J. Maple, in person and by Counsel, and the said motion having been heard by the Court, and the evidence and argument thereon, the Court is of the opinion that the said motion should be overruled and refused.

It is therefore considered, ordered and adjudged by the Court that the said motion for a new trial be refused and overruled, that said motion be stricken from the record, to which order and judgment of the court the defendant, J. J. Maple, excepts and gives notice of appeal in open court from the rulings, of this court to the Court of Criminal Appeals of the State of Texas, at Austin, which notice of appeal is here now entered of record on the minutes of this court. *And the defendant at this time withdrew notice of appeal and accepted sentence personally.*"

The legal question upon which the application is based grows out of the contention that without the consent of his attorney, the appellant was without authority to withdraw the notice of appeal and that his effort to do so was nugatory, and that by virtue of the notice of appeal, the jurisdiction of this court attaches.

From the papers before this court, it appears that the judge in the trial court regarded the entry of the judgment quoted above overruling the motion for new trial and giving notice of appeal as not accurately portraying the occurrence, and during the term of court caused to be spread upon the minutes an amended judgment, which reads thus:

"On this, the 18th day of October, A. D., 1930, came on to be heard the Defendant's Motion for a New Trial in the above entitled and numbered cause; and appeared the parties, the State by her District Attorney, and the Defendant, J. J. Maple, in person and by Counsel, and the said motion having been heard by the Court, and the evidence and argument thereon, the Court is of the opinion that the said motion should be overruled and refused.

It is therefore considered, ordered and adjudged by the Court that the said Motion for a New Trial be refused and overruled, and defendant at said time requested that sentence be pronounced at once."

Sentence was made fixing November 18, 1930, as the day of execution.

In the statute, Art. 827, C. C. P., it is said:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record."

In Art. 822, C. C. P., it is said:

"An appeal may be prosecuted immediately to the Court of Criminal Appeals, and the clerk shall without delay make out and forward the record to the Court of Criminal Appeals."

Art. 828, C. C. P., reads thus:

"The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal is taken."

In felonies less than capital the sentence precedes the appeal. In capital cases, however, sentence is not pronounced until after the judgment of affirmance is certified by the Court of Criminal Appeals. Art. 769, C. C. P. In capital cases, the statute requires that the court appoint counsel to represent the accused if he is too poor to employ counsel of his own selection. If the motion, as presented here, disclosed a notice of appeal duly entered of record and a subsequent effort upon the part of the accused to withdraw the appeal in the court below, the question of authority would be presented,

that is, whether the control of the procedure would rest with the appellant or with his counsel. Unless, however, the notice of appeal entered in the trial court is in such condition as to transfer the jurisdiction to this court, the question mentioned would not arise. Looking to the notice of appeal upon which the applicant relies, which is set out above and which concludes with the statement: "And the defendant at this time withdrew notice of appeal and accepted sentence personally," it appears that the order was entered while the appellant, as well as his counsel, was present in court. During the term at which the judgment is rendered, the notice of appeal may be withdrawn and the jurisdiction of the trial court reinstated. See Tores v. State, 74 Tex. Cr. R. 37. If notice of appeal is given but omitted from the record, the entry may be subsequently made.

To confer jurisdiction upon this court to review a judgment of conviction, the giving and entering in the minutes of the trial court of the notice of appeal is essential. See Sauzoda v. State, 86 Tex. Cr. R. 461; Haynie v. State, 92 Tex. Cr. R. 45; Ex parte Christian, 99 Tex. Cr. R. 99; Roberts v. State, 99 Tex. Cr. R. 492; Thweatt v. State, 110 Tex. Cr. R. 603. The entry upon the minutes of the court incorporated in the judgment overruling the motion for new trial, as we are constrained to construe it, shows that the notice of appeal which was given was withdrawn. Nothing in the minutes of the court suggest that the withdrawal was not regular, or that it was opposed by counsel for the appellant. The withdrawal, as above stated, on its face would oust the jurisdiction of the appellate court and reinstate that of the trial court. Nothing in the record of the trial court, as presented here, shows any subsequent effort to give notice of appeal. On the contrary, the amended order of the court, reciting the presence of both the accused and his counsel, shows no notice of appeal. If such effort was made, or if the judgment overruling the motion for new trial and the entry therein mentioned, does not correctly portray the transaction as it took place, the place to make the record speak the whole truth is in the trial court and not in this court. The statute on the subject, Art. 827, C. C. P., contains the following language:

"If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judgment of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect."

If, in fact, there was given notice of appeal which would transfer jurisdiction to this court, and the record does not in fact portray it, the statute mentioned above (Art. 827) points to the method of relief; that is, by motion before the court which tried the case to make the record show the notice of appeal. The failure to grant such relief upon proper showing might be the subject of review, and if it appeared on appeal that in refusing to grant the relief, that is, to enter the notice of appeal, there was an abuse of discretion, this court might have jurisdiction on the merits of the appeal. In the present instance, the effort is by ex parte affidavits to impeach the record in the trial court which is regarded by this court insufficient to confer upon it jurisdiction of the appeal. The record cannot be so impeached.

The application for mandamus is denied.

*Denied.*

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—On November 12, 1930, this court handed down its opinion holding that the record showing, made a part of the application for mandamus, was not such as to convince us that notice of appeal was properly given upon the overruling of the motion for new trial, and that the jurisdiction of this court had attached. Thereafter and on November 14th an application was presented to Hon. Whit Boyd, Judge of the trial court, to correct and change his order and judgment overruling Maple's motion for new trial so as to make same speak the facts as they occurred at the hearing of said motion. On the same day an order was entered overruling said application which recited that the former order and judgment was correct, and that J. J. Maple did not in person give any notice of appeal, but on the contrary stated in open court, when his motion for new trial was overruled, that he did not want to appeal his case but wished to accept sentence, and wanted same passed upon him at once; that the court found that Maple was sane, as he had theretofore found and determined upon the trial of the case; also that Maple was capable of and wished to control the disposition of his own case, and that no effort had been made by Maple or other person to give notice of appeal, though court did not adjourn till November 1, 1930. That the court found as a fact that no notice of appeal was given by any person authorized to give such notice, also as a fact that said Maple did not want

or wish to give any notice of appeal, and the application was therefore refused and denied.

In a bill of exceptions taken to the overruling of this motion appears the testimony heard by the trial court when the motion was presented. From the notes of the court stenographer present at the time the motion for new trial of Maple was overruled, it appears that when the trial court announced that he would overrule said motion for new trial, Mr. Fuller (the attorney appointed by the court to defend Maple) said: "To which we except and give notice of appeal to the Court of Criminal Appeals at Austin, Texas." The State's attorney, Mr. Branch, suggested that it ought to be whether the defendant appeals or the lawyer, and the court asked Maple if he wanted the case appealed, and he replied: "I don't want it appealed." The court said: "You don't want it appealed?" and Maple again said "No, sir." The court then said a man had a right to control his own case and did not have to appeal if he did not want to. Mr. Fuller, defendant's attorney, stated that he did not think defendant capable of determining that question. The court said he was of a contrary opinion, and asked Maple if a letter shown him was written in his own handwriting to the judge, to which Maple replied "Yes, sir," and that he did not want to retract it, and wanted the court to set down the date as soon as possible. The court then entered sentence.

There is much other evidence, but same is not of such character as to call for any statement on our part, except that the court said that he determined when Maple wanted to plead guilty, that he was sane; and that he had no doubt of his sanity. The court further states that during Maple's trial he asked him if he wished to testify, and the reply was that he did not, that the other witnesses had told it as it occurred, and that he could not add anything to it; also that on one or two occasions as the trial progressed the court called Maple to his desk and asked him if he wanted to change his plea, to which he replied he did not.

We are thus brought face to face with the question as to who has the right to control the course of a criminal case,—the accused himself or his counsel. Conceding that the attorney appointed to represent the accused stated that he wished to give notice of appeal, the question arises as to whether the accused had the right to state to the court that he did not wish to appeal, but desired to accept his sentence and have same at once pronounced, and whether it was within the power and discretion of the trial court to note on his

docket that the accused withdrew his notice of appeal, and to then finally sentence him.

To go back a moment,—an attorney had been appointed to defend Maple, as is the law in capital cases in this State when the accused is too poor to employ counsel. Maple had pleaded guilty, and as is also the law, the court could not accept the plea until he had satisfied himself that Maple was of sound mind, and was not so pleading because of overpersuasion or delusive hope of pardon. There appears no objection to the plea of guilty on the part of the attorney appointed to represent him. Evidently there was no evidence developed on the trial supporting any theory of insanity, for this court said in Taylor v. State, 88 Texas Crim. Rep. 483: "It would at once become the duty of the trial court, upon a hearing under the plea of guilty, if the evidence introduced showed insanity, to have the plea of guilty withdrawn and a plea of not guilty entered upon behalf of the accused and the issues fully and legally determined thereafter." Hence had the evidence raised such issue, either upon his own motion, or at the instance of the appointed attorney, the court below would have followed the course thus plainly pointed out.

We do not think the attempt to show mental unsoundness, as reflected in this record upon the hearing of the motion for new trial, or in the motion to correct the record,—such as to lead to the conclusion that the trial court exceeded the limits of this discretion in finding against such proposition.

In this condition of the record we think it of little importance whether the attorney appointed by the court, or one employed and selected by the appellant to defend him, for that matter, gave notice of appeal, provided the party on trial, the defendant, in this case, declined to appeal, and in person then informed the trial court of his decision, and in person asked that notice of appeal given by said attorney be withdrawn and sentence pronounced. In 2 Cyc. p. 639, it is said on authority of many cases cited, that an attorney has no right in his own name and on his own motion to appeal from an order or judgment of the court below affecting the interests of his client. In 4 Cyc. p. 940, appears the statement that at common law an attorney's employment ended with the judgment, and that an attorney can not, without some further retainer, institute proceedings to appeal from the judgment. In Thompson v. House, 23 Texas, 178, it is intimated that an attorney who appeals a case against the wishes of his client, is abusing the jurisdiction

of the appellate court, and that if the client referred to had made personal showing to the court that he did not authorize the appeal, the court would have acted upon same,—but the Supreme court in that case declined to act merely upon an affidavit which was no part of the record. See Kellog v. Winchell, 16 A. L. R. 1159. In 2 Ruling Case Law, p. 1001, it is said that "In accordance with the generally accepted view, the subject matter of the litigation is at all times under the exclusive control of the client, * * * who may at any time compromise, settle or adjust his cause of action without his attorney's intervention, knowledge or consent." In the same volume at p. 1007 it is said to be generally conceded that an attorney, merely by virtue of his employment to prosecute or defend an action or suit, has no implied authority to institute proceedings on behalf of his client to appeal the case.

While on the exact point involved, the case seems one of first impression in this State, and we can find no decision precisely thereon in our search of the reports of other jurisdictions, we believe sound reason to be in line with the holdings in the authorities above referred to. This court uniformly refuses to dismiss an appealed case pending on our docket except upon the request of the defendant himself. Certainly, in an ordinary felony, the question of sanity aside, we would not hesitate to uphold the right of the accused, whether represented by counsel of his own choice, or one selected for him by the trial court, to decide the question as to whether he wants to appeal his case. It would be incredible that one accused who had been tried on plain facts showing him guilty of a crime for which he might be given a death penalty, whether he be represented by employed or appointed counsel, if given a low sentence, should not be able to prevent an appeal desired by his attorney because of what he believed to be reversible error in the record, which appeal might be objected to by the client because upon reversal he might be given a much more severe penalty. Illustrations might be multiplied ad infinitum setting forth the reasonings in one case or another why the person at interest should be given the right of a final decision in a matter of this kind. There seems to be no question of the fact that at the time the attorney attempted to give notice of appeal the appellant then informed the court that he did not want to appeal and desired the notice given by the attorney to be withdrawn. We presume legality and correctness on the part of the rulings of the trial court until the contrary is shown. We therefore have to conclude that the trial court was

correct in his conclusion as to the sanity of the defendant. This being conceded, there seems no escape from the conclusion announced above that the accused had the right to control his own case and to decline to appeal same.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.