## JODIE DOUGLAS MAHAN V. STATE

No. 28,077. February 22, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 11, 1956.

*A. J. Robinson,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for the offense of negligent homicide in the second degree; the court, upon a plea of guilty, having assessed a fine of $1000.

Judgment was pronounced on September 28th, 1954, and on October 11, 1954, a motion for new trial was filed attacking the

complaint and information and complaining that appellant was not permitted to withdraw his plea of guilty upon the ground that he did not understand and the court did not explain to him the nature of the charge against him; that he was in a confused state of mind at the time he entered the plea, which was the day following the fatal accident, and alleging that if the facts had been developed his innocence rather than guilt would have been established.

The motion for new trial was never amended. It remained on file without being acted upon by the court for almost a year. Hearing was had on January 26, 1955, but was continued from time to time until September 1, 1955, on which date final hearing was set for September 24, 1955, at which time the motion for new trial was overruled and notice of appeal was given.

Art. 755 V.A.C.C.P. provides that the motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury. Provision is made for amending the motion, which is not here relevant, no leave to amend being asked for or granted.

Said Art. 755, V.A.C.C.P., further provides that the motion for new trial, or amended motion, shall be presented to the court within ten days after it is filed and shall be determined by the court within twenty days after its filing, "but for good cause shown the time for *filing* or *amending* may be extended by the court, but shall not delay the filing of the record on appeal."

To consider the matters raised by this motion for new trial and evidence heard on January 26, 1955, in connection with said motion filed October 11, 1954, and overruled September 24, 1955, would do violence to the command of the legislature that the motion for new trial be presented to the judge within ten days and be determined by the judge within twenty days after it is filed.

It will be noticed that the statute in question contains no provision for extending the time for the motion to be *presented* to the court or the time in which the court shall *determine* the motion may be extended under the statute.

Giving effect to the statutory provisions mentioned, we must hold that at the expiration of the twenty days allowed by the statute, the motion for new trial or amended motion is deemed to be overruled by operation of law.

Because we have not construed Art. 755 V.A.C.C.P. since its amendment in 1951, and in view of our holding that the motion for new trial cannot be considered, we deem it appropriate to say that an abuse of discretion on the part of the trial judge in overruling the motion for new trial was not shown.

We further observe that the motion for new trial is not verified.

The first count of the information, to which appellant pleaded guilty, shows that it was presented by the county attorney in connection with the affidavit of D. R. Dowdy.

The second count is defective as an information because it merely copies the second paragraph of the complaint. Such defect is immaterial here for the reason that the conviction, from which this appeal is prosecuted, was upon the first count. Art. 417 V.A.C.C.P.

The complaint begins: "In the name and by the authority of the State of Texas," and the first count begins: "Before me, the undersigned authority, on this day personally appeared D. R. Dowdy, who after being by me duly sworn on oath deposes and says * * *."

The second count begins with the same language.

The complaint ends: "Against the peace and dignity of the State. D. R. Dowdy.

"Sworn to and subscribed by D. R. Dowdy, a credible person, before me, on this the 28th day of September, A.D., 1954.

"Gene McGlasson, Jr."
"County Attorney"
"Randall County, Texas."

The attack upon the first count of the complaint is that it "is not in the form of an affidavit, does not set out the state and county in which the attempted affidavit is being made, is not signed by anyone, has no jurat, and is not acknowledged by an officer authorized to take such acknowledgments."

We are cited to no authority and know of none which sustain appellant's contention. No statute requires that the complaint shall set out the county in which the affidavit is being

made, and the signature and jurat appearing after the second count are deemed sufficient.

Another attack upon the complaint and information is that the cause of the deceased person's death is not alleged.

The allegations in this regard are that appellant, while driving an automobile, "did then and there in the performance of said unlawful act and as a consequence thereof by negligence and carelessness cause the death of Terry Lewayne Smith by then and there colliding with the motor vehicle, to-wit, a motor scooter in which the said Terry Lewayne Smith was killed by the said collision * * *."

This we hold was a sufficient allegation as to the cause of death of Terry Lewayne Smith.

The judgment is affirmed.