LLOYD S. REID v. STATE

No. 31,129. February 17, 1960

Appellant's Motion to Reinstate Appeal Overruled March 30, 1960

No attorney for appellant of record on appeal.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *James E. Barlow,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is forgery; the punishment, 6 years.

Judgment was entered upon a plea of guilty before the court on April 23, 1959, and on the same day appellant waived time for filing motion for new trial and sentence was pronounced, to begin at the expiration of a 4-year-sentence described in the cumulation order.

The term of court adjourned on May 1, 1959.

The state questions the jurisdiction of this court to enter any order except to dismiss the appeal, the contention being that if notice of appeal were given during the term at which the conviction was had, such notice had been withdrawn in open court before the term had expired.

Art. 826 C.C.P. provides: "An appeal may be taken by the defendant at any time during the term of court at which the conviction is had."

Art. 827 C.C.P. provides, in part: "An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record."

No notice was given in open court during the term which expired May 1, 1959, that appellant desired to appeal from the conviction. The record shows in this regard:

On April 23, 1959, appellant in open court stated that he did not wish to file motion for new trial or take advantage of the 10 days permitted for filing such a motion; that he wished to waive the 10 days. In open court he requested that sentence be pronounced.

On April 28, 1959, appellant's father came to the court and advised the trial judge that the papers he had included a notice of appeal.

On April 29, 1959, (within the term) the trial judge received a letter from appellant, who was in the Bexar County jail, stating that he wished to give notice of appeal to this court.

On the same day appellant's court-appointed counsel was notified and appellant was brought into open court where, after a rather lengthy conference with his counsel and the court in which he was told "You are here in court now and can give oral notice if you want to, or you can file any pleading you want," appellant elected to stand upon his statement previously made to his counsel that he did not care to appeal.

This was the situation which existed when the term of court ended on May 1, 1959.

On May 4, 1959, the trial judge received a letter from appellant mailed at Corpus Christi which bore postmark showing that it was mailed on May 1, 1959, at 10:30 A.M.

On May 11 appellant's affidavit before a notary public in Walker County, dated May 8, 1959, was filed giving notice of appeal and reciting that the court had been advised by mail on April 30, 1959, that notice of appeal was given.

On May 15, 1959, the trial judge entered an order reciting the receipt of appellant's letter and stating "although the defendant did not appear in open court nor request that he be brought from custody into open court, this court is of the opinion that such appeal should nevertheless be allowed and it is so ordered."

The Texas Court of Criminal Appeals alone determines whether it has acquired jurisdiction of an appeal. See Nichlos et al v. State, 158 Tex. Cr. R. 367, 225 S.W. 2d 522, at pages 524, 526.

Appellant's letters to the trial judge were insufficient to constitute notice of appeal in open court. Anderson v. State, 165 Tex. Cr. Rep. 525, 309 S.W. 2d 239.

If appellant's letter of April 29th could be held to constitute a sufficient notice of appeal when entered of record, this notice was withdrawn in open court and the jurisdiction of this court was ousted. Ex parte Maple, 116 Tex. Cr. R. 383, 33 S.W. 2d 734, 736.

The notice by letter mailed at Corpus Christi was mailed after the term of court had expired.

It has long been the holding of this court that where the conviction becomes final and the term of court expires, notice of appeal after the expiration of the term does not confer jurisdiction upon this court. Art. 826 C.C.P. Many cases to this effect are listed in Texas Digest under Criminal Law Key 1081.

In the absence of notice of appeal given in open court during the term at which the conviction was had, this court is without jurisdiction to enter any order except to dismiss the appeal. Cook v. State, 145 Tex. Cr. R. 25, 165 S. W. 2d 453.

The appeal is dismissed.