James H. QUARLES, Appellant,

v.

Carl SMITH, Appellee.

No. 14320.

Court of Civil Appeals of Texas.

Houston.

April 23, 1964.

Rehearing Denied May 28, 1964.

Ben G. Levy, Houston, for appellant.

Talbert, Giessel, Cutherell & Barnett, Howell E. Stone, Houston, for appellee.

WERLEIN, Justice.

Appellant, James H. Quarles, intervened in a suit which appellee brought against Houston Lighting & Power Company to recover for personal injuries sustained by him. Appellant alleged that he and appellee had entered into a written contract whereby appellee agreed to pay him for investigative work 25% of any amount recovered by appellee. Appellee's suit against Houston Lighting & Power Company was settled without a trial and the judgment entered therein ordered $7500.00 claimed by appellant out of the agreed judgment, to be paid into the registry of the court, subject to a determination of appellant's claim under his alleged contract. From a take-nothing judgment rendered against him based on the jury verdict in this severed cause, appellant has perfected his appeal.

Appellant complains of error consisting of the trial judge overruling his motion praying that the judge disqualify himself in the cause because of bias and prejudice against appellant. To such motion appellant attached an affidavit stating that he believed the judge entertained a "fixed bias" and prejudice against him for the reason that the judge in another case, in which appellant was a litigant, had found him in contempt of court and fined him $100.00 because of a remark he had made to opposing counsel on cross-examination, and because in such trial the judge refused most, if not all, of his attorney's objections to evidence offered by opposing counsel and found for the opposing party although all issues but one were answered in his favor.

Appellant's said motion was filed the day the case went to trial and is based entirely upon alleged prejudice against appellant (not appellant's attorney) and it is based upon the grounds stated in said affidavit. There is nothing in appellant's affidavit which would support a finding of prejudice on the part of the trial judge, nor is there anything in the record herein, which we have carefully read, to indicate that the trial judge did not conduct the trial in a fair and impartial manner. Certainly, no constitutional or statutory ground for disqualification was alleged. Article V, Sec. 11, Constitution of Texas, Vernon's Ann.St.; Article 15, Vernon's Annotated Texas Civil Statutes. No evidence was introduced on the motion which appellant filed alleging prejudice. A judge is presumed to be qualified until the contrary is shown. Pinchback v. Pinchback, Tex.Civ. App., 341 S.W.2d 549, writ ref., n. r. e. Even if we should presume prejudice on the part of the trial court toward appellant, that alone would not constitute error. Appellant could, of course, complain of an erroneous ruling made by the court as a result of prejudice, but it would be the error in the ruling rather than the prejudice, that would give him the right to complain. Appellant has no point assigning any erroneous ruling because of alleged prejudice. Chaffin v. State, Tex.Cr.App., 24 S.W. 411; Merchants National Bank v. Cross, Tex. Civ.App., 283 S.W. 555; Coker v. Harris, Tex.Civ.App., 281 S.W. 100, error ref., n. r. e.; Aldridge v. State, Tex.Cr.App., 342 S.W.2d 104.

By his second Point appellant complains of the court overruling his "Objection and Exception I(d) to * * * Special Issue No. 1, because, * * * the Court instructed the jury that '* * * if he (Plaintiff) does not have the ability to understand the nature and effect of the act in which he is then engaged * * *' then he is a '* * * person * * * not competent to enter into an agreement.' " Special Issue No. 1 inquired whether appellant and appellee entered into a contract, as that term is defined, on February 19, 1959. This was basically appellant's issue and one upon which he had to obtain an affirmative finding. His objection and exception I(d) to the court's charge is directed solely to Special Issue No. 1. No objection or exception is leveled at the court's instruction other than the general objection that appellant's counsel objected to the definition of "contract" being offered by plaintiff because it is "misleading, unnecessarily complex and because it places the burden of proof upon the wrong party by implication." This general objection points out nothing to the trial court and is wholly inadequate. It fails to direct the court to any specific error in the instructions. Moreover, no instruction in proper form was submitted by appellant. Rule 274, Texas Rules of Civil Procedure.

Appellant next complains that the court erred in overruling his motion for a new trial since the exhibits attached thereto show that plaintiff's testimony to the effect that he did not understand or comprehend the nature of the contract he entered into, was false and perjurious. The point is too broad and indefinite to require consideration by this Court. Rule 374, T.R. C.P. In reading the statement under such Point it seems that appellant is basing his contention upon newly discovered evidence consisting of a number of legal instruments of record in Harris County, which purport to have been signed and executed by appellee. It appears that at some point in appellee's testimony on cross-examination he testified that he had not signed any instruments or in any event he "didn't sign any of his knowledge". Appellant in an effort to show that appellee had knowingly signed the contract upon which appellant's claim was based, inquired as to other instruments which appellee either denied signing or claimed that he did not sign "of his knowledge". These instruments were unrelated to the suit at hand. Appellant was merely trying to show that appellee was falsely testifying and was making an effort to impeach him. Appellant now contends that a new trial should be granted because there were attached to appellant's motion for new trial certified copies of a number of instruments of record in Harris County which bore appellee's signature.

It is our view there was no error on the part of the court in overruling appellant's motion for new trial. Actually, some of the attached instruments had been introduced in evidence for the purpose of impeaching appellee. The other instruments attached to the motion for new trial were also produced and attached thereto for impeachment purposes, and were cumulative of those already in evidence. There was nothing to indicate that diligence on the part of appellant would not have disclosed the other recorded instruments in time for appellant to introduce them at the trial for impeachment purposes. It is our view that there was no newly discovered evidence that would warrant granting appellant a new trial.

Judgment affirmed.