Weldon Lynn MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 36694.

Court of Criminal Appeals of Texas.

April 29, 1964.

Ronald R. Waldie, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 90 days in jail and a fine of $100.

Trial was before a jury during a term of County Criminal Court No. 3 of Dallas

County which began on July 1, 1963, and adjourned on August 31, 1963.

Judgment was pronounced upon the jury's verdict on July 9, 1963. The following day the appellant filed motion for new trial and on July 29, 1963, an amended motion for new trial was filed.

 The amended motion for new trial was overruled by operation of law when not acted upon during the 20 days allowed by Art. 755, Vernon's Ann.C.C.P. Brinkley v. State, 167 Tex.Cr.R. 472, 320 S.W.2d 855.

The conviction became final during the term of court which ended August 31, 1963. Brantley v. State, 167 Tex.Cr.R. 145, 320 S.W.2d 825; Brinkley v. State, 320 S.W.2d 855. No notice of appeal was given during said term as required by Art. 827, V.A.C.C.P.

The appellant relies upon an order dated December 27, 1963, entered by the trial judge nunc pro tunc as of August 19, 1963, extending the time for preparation of the statement of facts and reciting: "and the final presentation of amended motion for new trial will be September 27, 1963, at 10:00 A.M."

We cannot agree that the order shows an extension of time for filing a second amended motion for new trial; an order which a trial court has authority to make under the provisions of Art. 755, V.A.C.C.P.

As we read the court's order it, at best, extended the 20 days allowed by the statute for the *presentation* and determination of the amended motion for new trial filed July 29, 1963. This the trial court was not authorized to do. Mahan v. State, 163 Tex.Cr.R. 36, 288 S.W.2d 508; De Hay v. State, 163 Tex.Cr.R. 516, 294 S.W.2d 401.

The fact that no amended motion for new trial was filed with the leave of the court and timely heard after the court's order would alone distinguish this case from Atkinson v. State, 164 Tex.Cr.R. 421, 299 S.W.2d 951.

No notice of appeal having been given during the term at which the amended motion for new trial was overruled by operation of law, this Court is without jurisdiction to enter any order other than to dismiss the appeal. Art. 827, V.A.C.C.P. and cases cited under Note 3.

The appeal is dismissed.