John B. **NEWHALL,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39329.

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

On Rehearing April 6, 1966.

Second Motion for Rehearing Denied
May 25, 1966.

James Martin, C. A. Droby, Dallas, Emmett Colvin, Jr., Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., Curtis Glover, Donald Koons, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is keeping a bawdy house; the punishment, 20 days in jail and a fine of $200.00.

The day charged in the information was July 15, 1963. State witnesses testified that on March 10, 1963, at the Skyline Motel, they arrested porter Johnson and a woman who agreed to an act of sexual intercourse for a monetary consideration, that they charged Johnson with procuring and the woman with vagrancy by prostitution and that on that occasion they notified appellant, who was in the motel office, of the charges they were filing against the two. On the following day they served appellant with a written "Notification of Prostitution Activities" and when appellant was asked if he was going to continue to employ this porter, he replied that he was.

Other officers testified that on March 21, 1963, they arrested another porter named Winn and another prostitute at the same motel, similarly charging them, that on May 24, following another arrest of the same porter and another prostitute on the preceding day, they served appellant with another written "Notification of Prostitution Activities" and that when appellant was told that Winn had been arrested at the motel before on a similar charge, appellant replied that he was aware of such fact, but that Winn was a good employee and "he was going to continue to let him work."

Still another officer testified that on July 15, 1963, he talked to appellant about

the prostitution activities that had been going on at his motel and asked appellant "if he knew that the porter there had been involved in some of this, and he said that he had been advised of that and he told me that he didn't think prostitution could be controlled and he thought it ought to be legalized. * * * *"

Appellant, testifying in his own behalf, denied any knowledge or participation in the prostitution activity, but admitted that porter Johnson was arrested once, and that porter Winn was arrested twice for procuring which had occurred at the motel which he and his wife owned and operated, and that he had been so advised by the police, but that Winn was still in his employ at the time of this trial in March of 1965, but only as a repairman and relief porter.

Appellant's wife testified as to the operation of the motel and her lack of knowledge of prostitution being practiced there.

Winn testified that appellant knew nothing of his activities as a procurer at the motel. Appellant called several reputation witnesses.

Appellant's principal contention is that the evidence is insufficient to support the conviction. Article 514 Vernon's Ann. P.C. provides, among other ways that the offense may be committed, that one may be guilty if he knowingly permits the keeping of a bawdy or disorderly house. We have concluded that when appellant admitted being notified by the police of the arrests which had occurred on premises which he owned and continued to employ one of the offending porters, he brought himself within that section of the statute which prohibits anyone from knowingly permitting premises under his control to be kept as a bawdy house.

Appellant cites a number of cases such as Bryant v. State, 163 Tex.Cr.R. 463, 293 S.W.2d 646, and Green v. State, 167 Tex. Cr.R. 272, 320 S.W.2d 818, which were affirmed, and points to the additional facts in those cases which do not appear in the case at bar, but he does not direct our attention to any case which would authorize a conclusion that the facts set forth above are not sufficient to support a conviction. As this Court said in Johnson v. State, 32 Tex.Cr.R. 504, 24 S.W. 411, " * * * all the state is required to do is to show facts that would put a reasonable man on notice."

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The conviction from which this appeal is prosecuted was had at a term of County Criminal Court No. 3 of Dallas County which began March 1, 1965 and closed May 1, 1965.

Judgment upon the jury's verdict was rendered March 10, 1965, and on the same day appellant filed motion for new trial assigning as reason therefor "that the verdict is contrary to the law and evidence."

On March 30, 1965, appellant filed his amended motion for new trial alleging the same ground.

■ The trial court was without authority to extend the time allowed by Art. 755 Vernon's Ann.C.C.P. for taking action on appellant's amended motion for new trial. Mahan v. State, 163 Tex.Cr.R. 36, 288 S.W.2d 508; DeHay v. State, 163 Tex. Cr.R. 516, 294 S.W.2d 401; Obarts v. State, 167 Tex.Cr.R. 385, 320 S.W.2d 816.

■ The amended motion for new trial was overruled by operation of law when not acted upon during the 20 days allowed by Art. 755 V.A.C.C.P. Brinkley v. State, 167 Tex.Cr.R. 472, 320 S.W.2d 855; Morgan v. State, Tex.Cr.App., 378 S.W.2d 321, and cases cited.

■ The conviction became final during the term of court which ended May 1, 1965, and no notice of appeal was given

during said term, as required by Art. 827 V.A.C.C.P.

In the absence of notice of appeal having been given in open court during the term at which conviction was had, this Court is without jurisdiction to enter any order except to dismiss the appeal. Morgan v. State, Tex.Cr.App., 378 S.W.2d 321, and cases cited, Brantley v. State, 167 Tex.Cr.R. 145, 320 S.W.2d 825; Obarts v. State, 167 Tex.Cr.R. 385, 320 S.W.2d 816; Reid v. State, 169 Tex.Cr.R. 261, 333 S.W.2d 140.

The order affirming the conviction is set aside and the appeal is dismissed.