Claude Walter PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42065.

Court of Criminal Appeals of Texas.

May 7, 1969.

Grady Hight, Fort Worth, court-appointed, for appellant.

Frank Coffey, Dist. Atty., Roger Crampton, John A. Brady and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

Claude Walter Phillips was convicted in Cause No. 69584 in Criminal District Court No. 1 of Tarrant County for the offense of murder and on September 29, 1964, was sentenced in said cause to a term of not less than 2 years nor more than 40 years.

No notice of appeal was given or entered.

The record before us reflects the proceedings in said Cause No. 69584, styled The State of Texas vs. Claude Walter Phillips, and also the habeas corpus proceedings in Cause No. C–2134 styled Ex Parte Claude Walter Phillips.

The habeas corpus application in Cause No. C–2134 was sworn to on February 21, 1967, Claude Walter Phillips stating under oath "that the information therein is true and correct to the best of his knowledge and belief."

The application for the writ recites that the applicant did not appeal from the judgment of conviction or the imposition of sentence and that he was represented by an attorney at his trial and his sentencing. The application was denied without an evidentiary hearing.

As to Cause No. 69584, styled The State of Texas v. Claude Walter Phillips, the record before us includes: (1) an order dated August 21, 1967, directing the Court Reporter to prepare and furnish a statement of facts "to be used in perfecting the appeal of this cause."

(2) An order dated November 15, 1967, appointing Hon. Grady Hight, a regular licensed and practicing attorney of the Fort Worth Bar, "to represent the Defendant as his attorney, and said attorney is hereby authorized to proceed to perform the duties of the attorney, in perfecting the appeal to the Court of Criminal Appeals of Texas."

The only other reference to counsel to represent Claude Walter Phillips before this court is found in the order entered in Cause No. C–2134 denying the application for writ of habeas corpus and reads: "However, the record and transcript in this case have been ordered prepared and sent with this order to the Court of Criminal Appeals of Texas and Grady Hight, a duly licensed attorney of Fort Worth, Texas, has been appointed to represent this defendant in such court."

Because of the recitation in the order of the court dated August 21, 1967, that the defendant had given notice of appeal to this court, the case was docketed and set for submission as an appeal.

Cause No. 69584, in which appellant was convicted, was tried and sentence pronounced prior to the effective date of the 1965 Code of Criminal Procedure (January 1, 1966).

Art. 826 C.C.P. (1925) in effect prior to said date, provided that "[a]n appeal may be taken by the defendant at any time during the term of the court at which the conviction is had." Art. 827 C.C.P. (1925) provided that appeal is taken by giving notice thereof in open court at the term of court at which the conviction was had, and having the same entered of record.

The record does not reflect that notice of appeal was given or entered of record in Cause No. 69584 at any time.

The 1965 Code of Criminal Procedure makes it necessary for the defendant, as a condition of perfecting an appeal to this court, to give notice of appeal. (Art. 44.08 Vernon's Ann.C.C.P.) Under the 1965 Code, in cases other than those where the death penalty has been assessed or in probation cases where the imposition of sentence is suspended, the notice of appeal is to be given or filed within ten days after sentence is pronounced. However, Art. 44.08, Sec. (e), provides "[f]or good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days," and Sec. (d) of said Art. 44.08 provides:

"The record on appeal will be deemed sufficient to show notice of appeal was duly given if it contains written notice of appeal showing a date of filing within the time required by law or if the record

contains any judgment or sentence or other court order or any docket entry by the court showing that notice of appeal was duly given."

In the absence of any showing in the record before us that notice of appeal was given as required by either statute, this court is without jurisdiction to entertain the appeal from the conviction in Cause No. 69584. Cook v. State, 145 Tex.Cr.R. 25, 165 S.W.2d 453; Newhall v. State, Tex. Cr.App., 404 S.W.2d 592. ., ... ... ...

We are not here dealing with a habeas corpus proceeding in which the judge of the convicting court, after hearing, has found that the appellant has been denied a constitutional right such as the right of appeal; counsel on appeal; record on appeal; or effective aid of counsel on appeal, and seeks to afford such right by way of a delayed or out-of-time appeal. (Ex parte Young, Tex.Cr.App., 418 S.W.2d 824; Ex parte Castanuela, Tex.Cr.App., 435 S.W.2d 145).

We point out, however, that in such cases we "[preserve] the final authority vested in the Court of Criminal Appeals in habeas corpus under the Constitution and statutes of Texas," (Ex parte Young, supra) in regard to such relief and review the evidence in the habeas corpus proceeding in order to determine whether the order granting such appeal is supported by the evidence.

We point out, in this connection, that we do not construe Art. 44.08(e) V.A.C.C.P. as authorizing the judge of the trial court to extend the time for giving notice of appeal from a conviction had at a term of court which expired prior to January 1, 1966 (the effective date of the 1965 Code of Criminal Procedure).

The appeal from the 1964 conviction in Cause No. 69584 is dismissed.

The relief prayed for in the petition for writ of habeas corpus is denied on the findings of the district judge.