**Ex parte Michael J. PAPRSKAR.**

**No. 57049.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 4, 1978.

Rehearing Denied Nov. 22, 1978.

Ken Anderson, Huntsville, for appellant.

Michael J. Paprskar, pro se.

Tim Curry, Dist. Atty., Marvin Collins and Howard M. Fender, Asst. Dist. Attys., Fort Worth, for the State.

## OPINION

VOLLERS, Judge.

This is a purported appeal from an order dismissing a petition to expunge arrest records filed pursuant to Chapter 55, V.A.C.C.P. in Tarrant County, Texas.

In 1972 this Court reversed petitioner's conviction for murder, *Paprskar v. State*, 484 S.W.2d 731 (Tex.Cr.App.1972), and he thereafter entered a plea of guilty and was assessed a twenty (20) year sentence. He is presently confined in the Tex-

as Department of Corrections pursuant to such conviction.[1]

On July 27, 1977,[2] petitioner filed a single "petition for Expunction of Records of Arrest" in the Criminal District Court No. 4 of Tarrant County alleging that some 37 prior arrests contained in the records of fifteen (15) different County, State and Federal Agencies [3] had not resulted in the return of an indictment or information against petitioner; the petition further alleged that petitioner had been released and the charges against him dismissed subsequent to such arrests and that petitioner had not been convicted of a felony in the five (5) years preceding the dates of each arrest.[4] The arrests alleged had occurred between June 21, 1955 and November 24, 1967, a span of twelve years.

On November 3, 1977, the Honorable Gordon Gray, Judge of Criminal District Court No. 4 of Tarrant County, entered an order dismissing the petition "because of the unconstitutional infirmity of the Expunction of Records Act," basing such disposition upon a finding of vagueness. Petitioner thereafter filed notice of appeal on November 10, 1977.

By supplemental brief, petitioner argues only that this Court should find that it has jurisdiction of this cause either (1) by construing this action as a writ of habeas corpus pursuant to Section 11.23 V.A.C.C.P., or in the alternative, (2) by re-evaluating our prior decisions "which appear to hold that this action is not a criminal case" within the meaning of Article V, Section 5 of the Texas Constitution.

The Court of Criminal Appeals has jurisdiction to determine whether it has jurisdiction. *Reid v. State*, 169 Tex.Cr.R. 261, 333 S.W.2d 140 (1960); *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1953); *Hinman v. State*, 54 Tex.Cr.R. 434, 113 S.W.2d 280 (1908). The allegations raised by the petition for Expunction of Arrests patently reveal that petitioner is neither *confined* nor *restrained* pursuant to any State action which is made the subject of his petition. See Articles 11.22 and 11.23 V.A.C.C.P. Nor would the disposition of petitioner's claim affect the fact or duration of his confinement. CF. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). We therefore hold that this action is not, and cannot be construed as a petition for writ of habeas corpus which would invoke the jurisdiction of this Court. Articles 11.22 and 11.23, supra.[5]

1. Though petitioner fails to allege that he is confined in the Texas Department of Corrections, this Court takes judicial notice of our records in such related proceedings. *Ex parte Flores*, 537 S.W.2d 458 (Tex.Cr.App.1976).

2. The effective date of Chapter 55 is August 29, 1977.

3. Tarrant County District Clerk and District Attorney; Dallas City Police, County Sheriff and District Clerk; Harris County District Clerk, District Attorney and 180th Judicial District Court; Texas Department of Corrections; Texas Department of Public Safety; Texas Board of Pardons and Paroles; Federal Bureau of Investigation; United States Department of Justice. However, this petition does not involve the charge under which petitioner is presently confined.

4. Article 55.01, V.A.C.C.P. provides:

A person who has been arrested is entitled to have all records and files relating to the arrest expunged if:

(1) an indictment or information has not been presented against him for an offense arising out of the transaction for which he was arrested;

(2) he has been released and the charge, if any, has been dismissed; and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

5. Cf. *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975); *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Braden v. Judicial Circuit of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) [wherein the Court discusses the requirement that a habeas petitioner must be "in custody" pursuant to the conviction attacked at the time of filing his petition in order to invoke federal jurisdiction under 28 U.S.C. Sections 2254 or 2255].

**528** 

██ The petitioner concedes in his brief before this Court that the jurisdiction of this Court is limited to the appeal of criminal cases by Article V, Section 5 of the Texas Constitution. He further recognizes that this case does not fall within the standard definition of a criminal matter, and that the fact that the statutory basis of this action is contained in the Code of Criminal Procedure will not confer jurisdiction on this Court. *Bretz v. State*, Tex.Cr.App., 508 S.W.2d 97. · While petitioner admits that the only way that this Court would have jurisdiction of this matter would be by treating it as a writ of habeas corpus, he invites us to reexamine our prior decisions which appear to hold that this action is not a criminal case. We decline the invitation. It would not be appropriate to reclassify this proceeding as a criminal case simply because this might be an appropriate forum to handle the matter complained of.

██ On the issue of whether or not this case is a criminal case it should be noted that the petitioner has not been placed in jeopardy in a matter from which he can appeal. There are no criminal penalties attached to the order of the court or involved in this expunction act, except for violation of any court order entered. The action in question is not brought by or in the name of the State and the persons against whom the action was brought are not charged with having committed a crime or violated any penal statute. Cf. *Hogan v. Turland*, Tex., 428 S.W.2d 316.

██ Furthermore, it should also be noted that there is no right of appeal given by Chapter 55, V.A.C.C.P., whatever the action of the trial court might be. It is well settled in this State that the right to appeal generally is a statutory right. *Ex parte Spring*, No. 57,268 (Decided June 7, 1978) (Tex.Cr.App.1978); *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315 (1950). The constitutional jurisdiction of the Court of Criminal Appeals is subject to such statutory exceptions and limitations as may be prescribed by the legislature. Article V, Section 5, supra; *Ex parte Spring,* supra; *Ex parte Bennett*, 211 S.W. 934 (Tex.Cr.App.1919). We find neither constitutional nor statutory authority which would confer jurisdiction on this Court to entertain a direct appeal from an order entered pursuant to a motion for expunction of arrests under Chapter 55, V.A.C.C.P. When a proceeding from which an appeal is attempted comes within none of the statutory or constitutional provisions conferring appellate jurisdiction, this Court has no power to entertain the cause. *Basaldua v. State*, 558 S.W.2d 2 (Tex.Cr.App.1977); *Ex parte Minor*, 115 Tex.Cr.R. 634, 27 S.W.2d 805 (1930).

This cause is dismissed for lack of jurisdiction.

### ON PETITIONER'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

ODOM, Judge, dissenting.

I dissent to the majority's decision to overrule petitioner's motion for leave to file motion for rehearing without written opinion. The case presents a serious question of constitutional magnitude regarding criminal law matters in this State, and the recently expanded mandamus jurisdiction of this Court should be exercised to resolve the matter. Art. 5, Sec. 5, Texas Constitution. I dissent for the reasons more fully set forth in my opinion in *State v. Henson*, 573 S.W.2d 548 (No. 60,141, this day decided, Roberts, J.).

ONION, P. J., joins this dissent.