Allen, Locke & Crampton, Roger W. Crampton, Wichita Falls, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

This is a conviction for bribery of a peace officer; the punishment, five years in the penitentiary.

The prosecution arose under Art. 173, P. C., which makes it unlawful to "bribe, or offer to bribe," a peace officer to do or not to do certain acts in violation of his duty as an officer.

The offense denounced under this statute is composed of two elements: One is the bribe, while the other is the offer to bribe.

The instant indictment charges bribery and not an offer to bribe. Hence, the sufficiency of the evidence to support this conviction must be weighed in determining whether a bribe is shown.

To constitute the offense of bribery of an officer, there must be shown not only the offer on the part of the briber but acceptance thereof by the one who is bribed.

Selvidge v. State, 126 Tex.Cr.R. 489, 72 S.W.2d 1079.

Here, the deputy sheriff who the indictment charged was bribed testified directly that he did not accept the bribe but told the appellant he would have to take the offer up with his superior, the sheriff. Indeed, at one place in the testimony of the witness, he strongly suggests that the alleged bribe money was given to him for a purpose entirely different from that alleged in the indictment. In any event, the testimony shows nothing more than an offer to bribe, as distinguished from the completed offense of bribery.

Believing the facts insufficient to sustain the allegations of the indictment, the judgment is reversed and the cause remanded.

Opinion approved by the court.

---

## Ex parte NICHLOS et al.
### No. 25696.

Court of Criminal Appeals of Texas.
Feb. 6, 1952.

---

W. M. Zachry, Waco, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

This is an attempt to appeal from an order of the 54th District Court of McLennan County refusing writs of habeas corpus for both parties and remanding relators to the custody of the Sheriff of McLennan County.

An appeal from an order of a District Judge refusing to grant a writ of habeas corpus does not invest this Court with jurisdiction.

The appeals are dismissed.