The STATE of Texas et al., Appellant,

v.

William Hugh HENSON, Jr., Appellee.

No. 60141.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 22, 1978.

Civil Appeals. The record was subsequently sent to this Court.

The Court of Criminal Appeals has jurisdiction to determine whether it has jurisdiction. *Ex parte Paprskar*, 573 S.W. 2d 525 (Tex.Cr.App.1978); and cases there cited. Accordingly, we order that this record be filed so that we may determine whether this Court has jurisdiction.

In *Paprskar* we held that attempted appeals from orders entered pursuant to Articles 55.01–55.05, supra, were not criminal cases. We also held that, since no statutory right to appeal had been conferred by Chapter 55, we had no power to entertain such cases.

It follows, as it did in *Paprskar*, that the appeal must be dismissed for want of jurisdiction.

ODOM, Judge, dissenting.

The majority dismiss this cause for lack of jurisdiction. As authority they cite *Ex parte Paprskar*, Tex.Cr.App., 573 S.W.2d 525.

In the instant case a district judge in Tarrant County granted the petition of William Hugh Henson filed pursuant to Art. 55.02 of the Texas Code of Criminal Procedure, to secure expunction of an arrest record, a statutory right provided for by Article 55.01 of that same Code. In doing so the district judge denied motions to dismiss filed by the City of Fort Worth and the Office of District Attorney of Tarrant County, in which it was asserted that the expunction provisions of the Code of Criminal Procedure are unconstitutionally vague.

In *Ex parte Paprskar* another district judge in Tarrant County denied Paprskar's petition for expunction of his arrest record filed pursuant to the same statute. In doing so that district judge ruled the expunction provisions of the Code of Criminal Procedure are unconstitutionally vague.

These two cases, then, show conflicting rulings on the constitutionality of a provision of the Code of Criminal Procedure in

## OPINION

ROBERTS, Judge.

This is a purported appeal by the State of Texas and the City of Fort Worth from an order entered by the 48th District Court of Tarrant County.

Pursuant to Articles 55.01–55.05, V.A.C. C.P., the trial court ordered that the appellee's arrest record be expunged. The State and the City contended in the trial court that the expunction statutes relied upon were unconstitutional. After their contention was overruled, appellants gave notice of appeal to this Court and to the Court of

courts of concurrent jurisdiction in the very same county. Are the laws of this State to be constitutional or not according to the forum in which redress is sought? Will the law be not a uniform and consistent matter throughout the State, but instead, a patchwork quilt blanketing the land with uncertainty and unpredictability? The answer is that it cannot be so, at least not for long. This Court has the power to decide the issue and render the law whole again, and it should do so. If we neglect our duty to act, the issue will be resolved elsewhere.

The second paragraph of Article 5, Section 5, of the Texas Constitution, as amended in 1977, now provides:

"Subject to such regulations as may be prescribed by law, regarding criminal law matters, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writs of habeas corpus, mandamus, procedendo, prohibition, certiorari, and such other writs as may be necessary to protect its jurisdiction or enforce its judgments."

This amended constitutional provision was recently interpreted by an undivided court sitting en banc. In *Thomas v. Stevenson*, Tex.Cr.App., 561 S.W.2d 845, 846–847, Judge Douglas, writing for the Court, stated:

"Under [the prior] constitutional provision, the Court could only issue writs of mandamus to enforce its appellate jurisdiction but not the power to issue writs of mandamus generally. [Citations omitted.]

"However, the 65th Texas Legislature adopted Senate Joint Resolution No. 18, Acts 1977, p. 3359, which proposed to amend Article 5, Section 5. This amendment was approved by the voters of Texas and became effective January 1, 1978.

. . .

"The amendment when proposed was to provide the Texas Court of Criminal Appeals with additional power to grant extraordinary writs in cases regarding criminal matters. . . .

"We therefore conclude that the additional provisions of the amendment gave this Court authority to issue extraordinary writs including the power to issue writs of mandamus to compel a speedy trial in a criminal case."

In his concurring opinion in that case, Presiding Judge Onion emphasized the significance of the expansion of this Court's extraordinary writ powers:

"[L]egislative history shows that Senate Joint Resolution No. 18 was drafted, among other things, to expressly give the Court of Criminal Appeals the authority to issue writs of mandamus to compel speedy trials in criminal cases in this State. This writer and other members of this court appeared before legislative committees of both the Senate and the House to explain its provisions, and to point out that under the then existing constitutional provisions the Court of Criminal Appeals, the court of last resort for criminal matters in this State, did not have the authority to issue writs of mandamus to compel speedy trials in criminal cases.

. . . . .

"Under [the prior] constitutional provision and decisional law, this court could only issue the writ of mandamus to protect its appellate jurisdiction or its original jurisdiction to issue the writ of habeas corpus. Thus when a defendant in a criminal case sought a writ of mandamus to compel a speedy trial, he could not obtain one from the court of last resort in criminal cases because neither this court's appellate jurisdiction nor its original jurisdiction to issue the writ of habeas corpus was in need of protection. Such defendant was required to apply to the Supreme Court of Texas, a court of generally civil jurisdiction, for the needed mandamus since such court . . . had the general authority to issue the writ of mandamus. . . .

"It was in part to correct this anomaly that Senate Joint Resolution No. 18 was drafted to give this court original jurisdiction not only to issue writs of habeas corpus but writs of mandamus, procedendo, prohibition and certiorari." Id., at 847–848.

Application of this new constitutional power has not been limited to applications requesting a speedy trial. In *State ex rel. Vance v. Routt*, Tex.Cr.App., 571 S.W.2d 903, an application by a district attorney seeking a writ of mandamus to compel a district judge to vacate the final forfeiture of an appearance bond was granted and the writ issued, directing that the prior judgment in the bond forfeiture case be vacated and that a judgment for the full amount of the bond and costs be entered. *Thomas v. Stevenson*, supra, was relied on, and it was held that a bond forfeiture proceeding is "criminal in nature" within the meaning of the constitutional scope of this Court's extraordinary writ powers to exercise jurisdiction in "criminal law matters."

In *Ex parte Paprskar*, supra, relied on by the majority in this case, it was held that a petition for expunction of records of arrest under Art. 55.02, supra, is not a "criminal case" within our appellate jurisdiction because petitioner was not placed in jeopardy by the proceeding, he was subjected to no criminal penalties thereby, and the action was not brought by or in the name of the State for the violation of any penal statute. Without disputing that holding as to what constitutes a criminal case, this Court's extraordinary writ jurisdiction, as opposed to its appellate jurisdiction,[1] is not limited to "criminal cases," but extends to the broader category of "criminal law matters."

Arrest records and proceedings for their expunction, it cannot reasonably be denied, constitute criminal law matters. Both the authority for arrest and the right under statutorily prescribed conditions for the expunction of arrest records are provided for in the Code of Criminal Procedure. Authority to arrest arises from the criminal law process, and the records of such events are maintained by agencies charged with execution of the criminal process. The legality of an arrest and detention is subject to challenge by application for writ of habe-

as corpus in this Court. Thus, although the majority here and in *Ex parte Paprskar*, supra, may be correct in their limited holdings that the important issue presented could not be heard as an *appeal* because no "criminal case" within this Court's appellate jurisdiction was presented, the question of whether the issue may be reached by entertaining the matters as applications for writ of mandamus was not discussed in either case. Proper evaluation of that jurisdictional issue permits but one conclusion: This Court has both the power to consider the cases under our original mandamus jurisdiction and the duty to decide the important constitutional issue in the criminal law matters presented.

The fact that the matter was not urged as mandamus should not deter us. In *State ex rel. Vance v. Clawson*, Tex.Cr.App., 465 S.W.2d 164, this Court accepted an application for writ of prohibition and then disposed of it as an application for writ of mandamus. In *Ex parte Giles*, Tex.Cr.App., 502 S.W.2d 774, a case that started in mandamus concluded in habeas corpus. In *Basaldua v. State*, Tex.Cr.App., 558 S.W.2d 2, what arrived as an appeal left as habeas corpus. *Broggi v. Curry*, Tex.Cr.App., 571 S.W.2d 940, saw a habeas corpus application transformed to mandamus. And the case of *Ex parte Clear*, Tex.Cr.App., 573 S.W.2d 224, a multiple application for habeas corpus, mandamus, and prohibition, was ultimately disposed of as habeas corpus, although the substantive relief awarded bears a closer resemblance to mandamus. In each of these cases this Court did not hestitate to dispose of the case under the form of writ considered most appropriate, regardless of the form in which it was originally presented. It is proper, and in harmony with contemporary trends, that substance should be favored over mere formalities where no compelling reason for rigid adherence to formal requirements can

---

1. The first paragraph of Art. 5, Sec. 5, Texas Const., provides for this Court's appellate jurisdiction:

    "The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the state in all *criminal cases* of whatever grade, with such exceptions and under such regulations as may be prescribed by law." (Emphasis added.)

be advanced. We should use the same approach in this case and in *Paprskar*, and consider the issue under our mandamus jurisdiction. The motion for leave to file motion for rehearing should be granted in *Paprskar*, and the cases should be considered together for resolution of the important constitutional issue presented.

Although the exercise of extraordinary writ jurisdiction is discretionary with the Court, when serious constitutional questions are presented, and when no avenue of later review by appeal is available, we should not hesitate to accept jurisdiction. The alternative is inconsistency and chaos among the courts in the State. The two cases thus far presented to this Court show opposite conclusions from the same county on the question of whether the law is constitutional. Accepting these cases for determination of the constitutional issue will not open the gates for review of all expunction applications under Article 55.02, supra. Mandamus does not allow review of exercises of discretion in the fact finding process. It is only upon the refusal to act when there is no discretion in the matter that mandamus may be used to compel action. In this case the State seeks to have the order set aside on grounds that the statute is unconstitutional and the judge was therefore without authority to act. If correct, mandamus is the only means by which justice may be done in that case. In the *Paprskar* case the tables are reversed. Paprskar contends the statute is constitutional and the trial judge was therefore under a duty to entertain his motion. If correct, mandamus is the only means by which justice may be done in his case. The existence of the right created by Art. 55.01, supra, cannot remain in its present state of inconsistency and uncertainty; the constitutional issue must be resolved. This Court has the power and the duty to resolve that issue.

Should this Court fail in its duty to address this important criminal law matter, it can be expected that the petitioning parties will seek relief and secure review from the Supreme Court of Texas, which has jurisdiction that overlaps with ours when mandamus is sought against district judges.

Art. 1733, V.A.C.S. That court has previously exercised such powers in criminal law matters when this Court lacked the constitutional authority recently given it. *State ex rel. Pettit v. Thurmond*, Tex., 516 S.W.2d 119; *State v. Olsen*, Tex., 360 S.W.2d 398; *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59; *Stakes v. Rogers*, 139 Tex. 650, 165 S.W.2d 81. Before amendment of Article 5, Sec. 5, supra, as pointed out in *Thomas v. Stevenson*, as quoted above, the Supreme Court was the only available forum in which to seek mandamus to secure a speedy trial in a criminal case. In fact, Thomas himself first sought relief from the Texas Supreme Court, and that court transferred the case to this Court for consideration of whether we had jurisdiction under the new constitutional powers. After that court's deference to this Court's newly acquired jurisdictional powers in a matter where both courts had potential jurisdiction, it is unfortunate that this Court is embarking on a course of narrow construction of those newly acquired jurisdictional powers that will send petitioners in criminal law matters back to the only forum previously available.

One may also wonder whether the Legislature will again listen favorably to expressions by this Court of needed statutory changes in the operations of this Court when we so easily close the door on the expansion of jurisdiction previously needed, requested, and then granted by the Legislature and the voters of Texas in 1977.

To the refusal by this Court to exercise its constitutional power and duty in this case and *Paprskar*, I vigorously dissent.

ONION, P. J., joins in this dissent.