David R. WEINER, Petitioner,

v.

Preston DIAL, Jr., Judge, Respondent.

No. 69090.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Mark Stevens, David K. Chapman, San Antonio, for petitioner.

Sam D. Millsap, Jr., Dist. Atty., and Carroll Schubert, George B. Hernandez, Jr. and Michael L. Davis, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is an original application for writ of mandamus. Art. 5, Sec. 5, Texas Constitution. Petitioner has filed this cause "to compel Respondent to authorize payment to Petitioner for services rendered by Petitioner as court-appointed appellate counsel."

Petitioner, an attorney, was appointed by respondent, a district judge, to represent Robert Williams on the appeal of his conviction in cause 81–CR–2029 in the 175th Judicial District Court. Petitioner was compensated for his representation of Williams in the appeal of that conviction. Petitioner also represented Williams in the appeal of a denial of reduction of bail pending appeal of the conviction. He seeks compensation for representing Williams in that habeas corpus appeal.

■ Respondent by brief before this Court first contends the matter is not within our mandamus jurisdiction. Article 5, Sec. 5, Texas Constitution, restricts the mandamus jurisdiction of this Court to "criminal law matters." Respondent argues this case "is essentially civil in nature, because it is a claim for compensation for services." Petitioner, however, asserts entitlement to compensation as a matter of right under Article 26.05 of the Code of Criminal Procedure, which provides for compensation of "counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing," and provides a schedule of minimum amounts of compensation. The provision for appointment and compensation of attorneys to represent indigents in criminal law matters is certainly itself a criminal law matter.[1] The State's first argument is without merit.

[1] We are aware of the decisions in *Ex parte Paprskar,* 573 S.W.2d 525, and *State v. Henson,* 573 S.W.2d 548. Those cases were attempted appeals from petitions to expunge arrest records pursuant to Chapter 55, V.A.C.C.P. The opinions held the matters were not *criminal cases* within the *appellate* jurisdiction of this Court. Although urged to do so by the dissent,

■ On the merits, petitioner contends he is entitled to separate fees for the appeal of the conviction and the bail habeas corpus appeal. Respondent points out that Williams' motion for appointment of counsel to represent him in the bail habeas corpus appeal was expressly denied by respondent. We also notice that the motion for that appointment was signed by Williams *and by petitioner* in the stated capacity of *"court-appointed on direct appeal of conviction only."* (Emphasis added.)

It appears that petitioner, before seeking mandamus, and respondent have considered the criminal prosecution and the bail habeas corpus proceeding as separate causes requiring separate orders appointing counsel. Instead of challenging the denial of the motion for appointment of counsel in the habeas corpus matter, petitioner undertook to represent Williams, and now contends his appointment to appeal the conviction also required representation in the bail habeas corpus appeal.

Art. 26.04, V.A.C.C.P., requires appointment of counsel to represent an indigent "charged with a felony or a misdemeanor punishable by imprisonment." The article dictates that in such circumstances "the court shall appoint one or more practicing attorneys *to defend him."* (Emphasis added.) Similarly, the provision for compensating appointed counsel, Art. 26.05, Sec. 1, supra, speaks in terms of counsel *appointed to defend,* and counsel *appointed to represent* an indigent in a habeas corpus hearing. The statute does not appear to require that an appointment of counsel to represent an indigent in a criminal case necessarily be an appointment to represent that person in all ancillary matters, although an order may encompass more than a single matter.

The order in this case, appointing petitioner to represent Williams, does not specify that petitioner was also appointed to represent him in the bail habeas corpus appeal, and from the fact that petitioner filed a motion requesting such additional appointment it appears that petitioner did not consider the original appointment to include the bail habeas corpus.

We conclude that under the facts of this case the order appointing petitioner did not constitute an appointment to represent Williams in the bail habeas corpus appeal, and accordingly the writ of mandamus is denied.

It is so ordered.

ONION, Presiding Judge, concurring.[1]

The question presented by this proceeding is whether counsel, appointed for the purpose of an appeal of a felony conviction and who has been compensated for such appeal, is entitled to additional compensation for the purported appeal of an order refusing to issue a writ of habeas corpus to reduce bail (pending appeal of felony conviction). Petitioner contends there are two separate appeals for which he is entitled to separate fees.

I agree that the application for writ of mandamus should be denied, but I cannot agree that this court should do so on the basis that the order of appointment of appellate counsel was not broad enough to encompass the other proceeding.[2] The appointment of appellate counsel squarely

---

the majority in those cases declined to address the issue of whether the matters could be considered *criminal law matters* within the *mandamus* jurisdiction of the Court. To the extent of any conflict, we overrule *Ex parte Paprskar* and *State v. Henson,* supra.

1. This court should take judicial notice that the Honorable Phil Chavarria, Jr., is now Judge of the 175th District Court of Bexar County. The style of this cause should be changed. The Honorable Preston Dial, Jr., is now an Associate Justice of the Fourth Court of Appeals in San Antonio.

2. The "Order" permits previous counsel of record to withdraw, and states:
 "It is further ordered that David Weiner be appointed as attorney of record for the Defendant, Robert Williams, in his stead."
Such order was in response to a motion by previous counsel asking to withdraw and stating that petitioner Weiner had "agreed and consented to assume the Defendant's, Robert Williams, appeal."

places upon counsel the awesome responsibility of taking all actions necessary on appeal to assure the indigent appellant his rights and to protect his interests. Counsel cannot be delimited by what is contained or not contained in the order of appointment. There are other reasons, however, to deny the mandamus application.

Robert David Williams was convicted of aggravated assault on a peace officer and assessed punishment of five years' imprisonment. Notice of appeal was given. Apparently Williams was held without bail following conviction. Williams filed an application for writ of habeas corpus and as a result bail on appeal was set at $25,000.00. On January 21, Williams filed a second "application for writ of habeas corpus" alleging that the bail on appeal of $25,000.00 was excessive. The application was "Denied without hearing" on January 21, 1982, by the respondent. On January 27, 1982, Oliver C. Sutton, Jr., attorney of record for Williams, filed a motion to withdraw as counsel and suggested that the petitioner Weiner had consented to handle the appeal. On January 28, 1982, the respondent permitted Sutton to withdraw as counsel and petitioner Weiner was appointed to represent Williams on appeal. On February 2, 1982, Williams filed a written "Notice of Appeal (Habeas Corpus)" in which he gave notice of appeal to the Court of Appeals "on his application for writ of habeas corpus, which was filed January 21, 1982 and which was denied without a hearing . . . ." On the same date Williams and petitioner Weiner filed a motion for the appointment of counsel on appeal from the order denying the habeas corpus application without a hearing. Attorney Weiner volunteered to accept the appointment. On February 3, 1982, the respondent denied the motion requesting appointment of counsel.

It appears that petitioner Weiner was notified by the San Antonio Court of Appeals of oral argument and submission of the appeal relating to the habeas corpus application in Cause No. 04–82–00056–CR.

He appeared and made oral argument. The Court of Appeals vacated the order entered by respondent and remanded the cause for a hearing on February 22, 1982. See *Ex parte Williams,* 630 S.W.2d 803 (Tex.App.-San Antonio 1982). Petition for Discretionary Review was refused on May 5, 1982.

The record is silent as to what then transpired as to the matter of bail pending appeal. It does appear that the appeal of the conviction for aggravated assault upon a peace officer is still pending in the San Antonio Court of Appeals. Petitioner has already been compensated $350.00 by Bexar County for his services in connection with this pending appeal upon approval of the respondent.

Subsequently, petitioner. Weiner sought additional payment for handling the appeal on the habeas corpus matter concerning bail. Being unsuccessful with the respondent, petitioner sought a writ of mandamus from the San Antonio Court of Appeals. Relief was denied in an unpublished per curiam panel opinion on December 8, 1982, on the ground that the court had only limited jurisdiction to issue a writ of mandamus to enforce its own jurisdiction. Petitioner has now filed an original application for a writ of mandamus in this court requesting that the respondent be ordered to pay him a fee of not less than $350.00 for the appeal of the habeas corpus proceeding seeking bail on appeal.

As is conceded throughout the record, the respondent refused the second application for writ of habeas corpus without a hearing. It is obvious that the respondent refused to issue or grant the writ of habeas corpus.[3]

There is no appeal from a refusal to issue or grant a writ of habeas corpus even after a hearing (to determine whether to grant the writ). *Ex parte Clifford Noe,* 646 S.W.2d 230 (Tex.Cr.App.1983); *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex.Cr.App. 1981); *Ex parte Mayes,* 538 S.W.2d 637 (Tex.Cr.App.1976); *Ex parte Nichlos,* 245 S.W.2d 704 (Tex.Cr.App.1952). See also *Ex parte Hughes,* 20 S.W.2d 1070 (Tex.Cr.App.

---

3. This is not a case where the trial court, after the filing of a habeas corpus application, grants or issues the writ of habeas corpus, and after a hearing, grants or denies relief.

1929); *Ex parte Smith,* 85 Tex.Cr.R. 649, 215 S.W. 299 (Tex.Cr.App.1919); *Ex parte Blankenship,* 57 S.W. 646 (Tex.Cr.App. 1900); Article 44.34, V.A.C.C.P., Note 5. The appellate courts do not have jurisdiction in such cases. *Ex parte Nichlos,* supra. See also *Ex parte Wade,* 147 Tex.Cr.R. 94, 178 S.W.2d 690 (Tex.Cr.App.1944); Ex parte Mayes, supra.

The pleadings were designated "application for writ of habeas corpus." The application was denied "without a hearing." "Notice of Appeal (Habeas Corpus)" was given from the denial of the "application for habeas corpus." [4] In *Ex parte Williams,* 630 S.W.2d 803 (Tex.App.-San Antonio 1982), the Court of Appeals stated: "Applicant appeals from the denial of habeas corpus relief from allegedly excessive bail pending appeal. Tex.Code Crim.Pro.Ann. art. 44.34 (Vernon Supp.1982)." [5] Despite the foregoing, the Court of Appeals ignored the well-established rule discussed above. In its panel opinion the court stated: "In this State the right to reasonable bail pending appeal is found in Tex.Code Crim.Pro. Ann. art. 44.04 (Vernon Supp.1982). We hold that to deny a hearing upon a convicted defendant's motion for reduction of allegedly excessive bail constitutes an arbitrary and unreasonable action as does the denial of habeas corpus relief without a hearing."

The court then recognized the two methods to obtain bail on appeal—by writ of habeas corpus and by Article 44.04, V.A.C. C.P., but made no distinction between the two in its ruling of vacating the trial court's order and remanding the matter for a hearing.

It appears the Court of Appeals was in error and it appears that this court should have granted rather than refused the State's petition for discretionary review

which was then filed. Such action only heightened the confusion.

Some of the confusion arose in *Ex parte Fowler,* 573 S.W.2d 241 (Tex.Cr.App.1978), when this court held that the Court of Criminal Appeals would no longer review matters pertaining to bail pending appeal by habeas corpus since a specific right of appeal is provided by applicable statute (Article 44.04, §§ c, d and g, V.A.C.C.P., as amended Acts 1977, 65th Leg., p. 636, ch. 234). *Ex parte Spaulding,* 612 S.W.2d 509 (Tex.Cr.App.1981), adopted the concurring opinion in *Ex parte Byers,* 612 S.W.2d 534, 537 (Tex.Cr.App.1980), and held that review of matters pertaining to bail on appeal from criminal convictions will be considered by both habeas corpus proceedings and by the statutory method provided in Article 44.04, V.A.C.C.P.[6]

In response to the aforementioned State's petition for discretionary review, the petitioner in his response thereto as attorney for Williams recognized his precarious position. He acknowledged that if the proceedings were considered as a habeas corpus appeal then *Nichlos* and *Mayes,* holding there is no appeal from the refusal to issue or grant a writ of habeas corpus, would carry great weight, but urged the court to consider the "appeal" as an appeal from a statutory motion for reduction of bail rather than a "writ" citing *Basaldua v. State,* 558 S.W.2d 2 (Tex.Cr.App.1977), where a purported appeal was considered an application for writ of habeas corpus.

In my opinion, the proceedings in question were habeas corpus proceedings. The respondent denied the habeas corpus application seeking a reduction in bail on appeal without a hearing. He refused to grant or issue the writ of habeas corpus. This action was not appealable. The respondent did not thereafter err in refusing to appoint

---

**4.** It does not appear that the notice of appeal was timely given even if the subject matter was appealable. Cf. *Ex parte Fowler,* 573 S.W.2d 241 (Tex.Cr.App.1978).

**5.** Article 44.34, supra, deals with the procedure of preparing the appellate record in an appeal from an habeas corpus order.

**6.** Article 44.04, supra, was amended by Acts 1981, 67th Leg., p. 813, ch. 291, § 125. Right of appeal is expressly accorded now to the Court of Appeals.

petitioner to represent Williams on appeal of a matter that was not appealable. Respondent did not later err in refusing to order compensation to petitioner for said "appeal" after he had already been compensated for the appeal on the aggravated assault on a peace officer conviction. Clearly mandamus would not lie under these circumstances.

Even if the second "application for writ of habeas corpus" could be considered a motion to reduce bail on appeal under Article 44.04, supra, and that an appeal could be taken even if the court refused without a hearing to entertain the same, petitioner still would not be entitled to the relief sought. Mandamus is an extraordinary remedy. It will not issue unless it is reasonably necessary to the enforcement or establishment of the right that is sought to be secured. See 37 Tex.Jur.2d, Mandamus, §§ 2 and 7. Mandamus does not lie where the relator has another plain, effective and adequate remedy to obtain the relief sought. 37 Tex.Jur.2d, Mandamus, § 12, p. 599. Petitioner has not demonstrated that he does not have another plain and effective remedy to obtain the relief requested.

It is not necessary to further discuss whether mandamus could be also refused because a discretionary act or duty was involved which was not ministerial in character. See 37 Tex.Jur.2d, Mandamus, § 18, pp. 617–618.

While I agree with the majority that the application for writ of mandamus should be denied, I cannot agree with the reason advanced. The majority would deny the mandamus application on the basis that "the order appointing petitioner did not constitute an appointment to represent Williams in the bail habeas corpus appeal . . . ."

I must express my concern about the implications of the holding. An order appointing counsel on appeal for an indigent defendant should not be required to itemize the steps that counsel is authorized to undertake on appeal. An indigent defendant is entitled to the effective assistance of counsel on appeal. Such counsel should not be limited or restrained in his undertaking by the failure of the appointment order to list every step he is authorized to take on the defendant's behalf while the case is on appeal.

Since the majority appears to rely in part upon Article 26.04, V.A.C.C.P., for its conclusion, the following from *Curry v. State,* 488 S.W.2d 100, 103 (Tex.Cr.App.1972), becomes pertinent:

"While Article 26.04, Vernon's Ann.C.C.P., relates to the appointment of trial counsel for indigents in felony and certain misdemeanor cases, nowhere in our statutes is there a requirement that counsel be appointed on appeal for an indigent person convicted of either a felony or a misdemeanor. Article 26.05, Vernon's Ann.C.C.P., relating to compensation of appointed counsel in felony cases or misdemeanor cases 'punishable by imprisonment' or habeas corpus matters does contain the following sections:

" '(e) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

" ' * * * '

"While the statutes thus provide for compensation, the right to counsel on appeal must necessarily be of a constitutional nature.

"*Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) extended the Sixth Amendment right to counsel to state criminal proceedings by virtue of the Fourteenth Amendment. *Gideon* dealt with trial counsel for an indigent in a felony case. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), decided on the same day as *Gideon,* held that an indigent has a state (sic) constitutional right to assigned counsel on his first appeal without regard to the merits of the appeal and regardless of the seriousness of the appeal. The holding was based primarily upon the due process clause of the Fourteenth Amendment."

It is clear that Article 26.04, supra, relates to the necessity of appointment of *trial* counsel. It does not address itself to

the appointment of counsel on appeal. The matter of appointment of counsel on appeal is a federal constitutional right, *Douglas v. California,* supra, for which compensation is provided in Article 26.05, supra. Article 26.04, supra, should not be used in the analysis of the question before this court.

While I do not agree as to the basis for denying the application for writ of mandamus, I concur in the result for the reasons earlier stated.

McCORMICK and MILLER, JJ., join this opinion.

TEAGUE, Judge, concurring.

 I reluctantly concur because I am unable to find anything in the law which provides that counsel appointed to represent an indigent defendant for trial purposes must perform what Judge Clinton refers to in his dissenting opinion as " 'ancillary matters' that are in the interest of, and may rebound to the benefit of, his client," such as handling a bail habeas corpus appeal case. Without expectation of being compensated for work to be performed, a court appointed attorney should never be required to do more than what the order appointing him expressly calls for, although "going beyond the call of duty" is certainly to be lauded. Simply because an attorney has been appointed to defend an indigent defendant does not mean that he has adopted such client for all purposes and must perform any ancillary matter which may be related to the case to which he has been appointed.

However, I do find fault with the action of the trial judge in expressly refusing to appoint counsel to handle the indigent defendant's bail habeas corpus appeal, because such action unquestionably brings into focus a spectre from the past history of criminal jurisprudence; invidious and unnecessary discrimination through failure to treat all citizens equally. In other words, had the defendant in this cause been sufficiently and materialistically endowed, he would have had no problem in pursuing a bail habeas corpus appeal. In this instance, the indigent defendant received a tolerably fair

appeal only because court appointed attorney, Hon. David R. Weiner, went that extra distance for his client. Today, unfortunately, we must tell Mr. Weiner that he will not be compensated for part of the work he has performed for his indigent client because there is nothing in our law providing for compensation for handling, without an express court order calling for such, a bail habeas corpus appeal case, even though he was appointed to represent the indigent defendant for trial purposes.

I hope that such is the exception. If, however, trial courts of this State are treating defendants who desire to appeal a denial of bail case differently, then I fear it will not be long before this Court or some Federal Court receives a timely complaint by an indigent defendant that he is being discriminated against, simply because of his status as an indigent. I believe I can safely predict that such person will receive relief from our courts. Perhaps, then, by bringing this cause to this Court, and causing such exception to be displayed for the Bench and Bar to see, Mr. Weiner has made a vital and necessary contribution to the criminal jurisprudence of this State.

CLINTON, Judge, dissenting.

The majority reads the statutory language in Articles 26.04 and 26.05, § 1, V.A. C.C.P., too literally. An appointed counsel, like a retained attorney, is charged with handling such "ancillary matters" that are in the interest of, and may redound to the benefit of, his client. Inhibiting full, robust and conscientious representation of the indigent appellant, as well as the indigent accused, ill serves the legal profession and the criminal justice system.

I dissent.