Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

**Vidal S. MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–399–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1985.

## OPINION

SEERDEN, Justice.

The record in this cause shows that appellant was arrested based on an extradition warrant issued by the Governor of Texas. Pursuant to TEX.CODE CRIM. PROC.ANN. art. 51.13 Sec. 10 (Vernon 1979) appellant was taken before a judge of this State on September 17, 1984, and informed of the demand from the State of Ohio and that he had a right to challenge the demand. The Honorable A.G. Betancourt was appointed to represent appellant.

On October 4, 1984, another short proceeding was held and a hearing was scheduled for October 19, 1984. The trial court asked counsel, "Why don't you prepare a writ of habeas corpus?" No application for writ of habeas corpus was ever filed.

On October 19, 1984, the trial court conducted a hearing and held that the extradition warrant would be honored and the appellant extradited to Ohio. Appellant gave notice of appeal. A.G. Betancourt was then appointed to represent appellant on appeal.

202

Appellant raises one "point of error" on appeal. It is not necessary for this Court to address this point, however, as we agree with the State that this Court lacks jurisdiction to consider this appeal.

As noted in *Ex parte Chapman,* 601 S.W.2d 380, 383 (Tex.Crim.App.1980):

The judge of a court of record before whom an arrestee is brought pursuant to § 10 [of Article 51.13 of the Code of Criminal Procedure] performs a function that is more magisterial than judicial in nature and purpose. Thus, the judge warns the arrestee of his rights in the premises of extradition, and ascertains his desires with respect to exercising them. The judge makes no judicial determination whatsoever....

An appealable judicial determination occurs, however, if the arrestee challenges the extradition by way of a writ of habeas corpus, and receives an adverse ruling by the trial court. If no writ of habeas corpus is filed—even if the trial court gratuitously holds a hearing on the extradition—the arrestee is not in the posture of an applicant for habeas corpus whose prayer for relief has been denied for appellate purposes. *Ex parte Chapman,* 601 S.W.2d at 383.

Appellant in this case never filed an application for writ of habeas corpus, and the writ was never denied by the trial court. Hence, no appeal may be taken from the trial court's order. *See Weiner v. Dial,* 653 S.W.2d 786 (Tex.Crim.App.1983) (Onion, concurring).

The appeal is dismissed. *Ex parte Chapman,* 601 S.W.2d at 383.