NUMBER 13-05-449-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG 

_________________________________________________________

 

JULIAN RODRIGUEZ,                                                Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

_________________________________________________________

 

                  On
appeal from the 156th District Court

                              of
Bee County, Texas.

_________________________________________________________

 

                     MEMORANDUM
OPINION

 

               Before
Justices Hinojosa, Yañez, and Rodriguez

Memorandum Opinion Per Curiam

 

This is an attempted appeal from an extradition proceeding based on
the non-payment of child support.  We
dismiss the appeal for want of jurisdiction.








The record in this cause shows that appellant was arrested based on an
extradition warrant issued by the Governor of Texas at the request of the State
of Indiana.  Pursuant to the criminal
code, appellant was taken before a judge of this state and informed of the
demand from the State of Indiana.  See
Tex. Code Crim. Proc. Ann. art.
51.13 (Vernon Supp. 2004-05).  Appellant
refused to sign a waiver of extradition. 
At the hearing, the governor=s warrant was offered
for all purposes.  Appellant, represented
by counsel, testified that he was the individual identified in the warrant and
admitted that he owed child support. 
Appellant requested that he not be extradited on grounds that he had
been ill, his parents were ill, he was newly married, and he was gainfully
employed.  

The trial court issued a verbal ruling that the extradition warrant
would be honored and ordered appellant bound and held pending appeal.  The trial court informed appellant that he
had Athe right to appeal
the decision of the Court.@  Trial counsel moved to withdraw from
representing appellant based on a conflict of interest, and the trial court
appointed new appellate counsel.  This
appeal ensued.  








This Court lacks jurisdiction to consider this appeal.  The only manner to test the legality of a
governor's extradition warrant is through the filing of an application for writ
of habeas corpus.  Ex parte Chapman,
601 S.W.2d 380, 383 (Tex. Crim. App.1980); Stelbacky v. State, 22 S.W.3d
583, 587 (Tex. App.BAmarillo 2000, no
pet.).  Moreover, an appealable judicial
determination occurs only if the arrestee challenges the extradition by way of
a writ of habeas corpus and receives an adverse ruling by the trial court.  Chapman, 601 S.W.2d at  at 383; McPherson v. State, 752 S.W.2d
178, 179 (Tex. App.BSan Antonio 1988, pet.
ref'd, untimely filed); Martinez v. State, 688 S.W.2d 201, 202 (Tex.
App.BCorpus Christi 1985,
no pet.).  If no writ of habeas corpus is
filed, the arrestee is not in the posture of an applicant for habeas corpus
whose prayer for relief has been denied for appellate purposes.  Chapman, 601 S.W.2d at 383; Martinez,
688 S.W.2d at 202.  This is so even if
the trial court gratuitously holds a hearing on the extradition.  Martinez, 688 S.W.2d at 202.

Here, the record shows that appellant did not file an application for
writ of habeas corpus.  Therefore,
because our jurisdiction is limited to consideration of an appeal from the
denial of habeas corpus relief, we must dismiss appellant's appeal.  Chapman, 601 S.W.2d at 383; Martinez,
688 S.W.2d at 202.  Accordingly, the
appeal is dismissed.

 

PER
CURIAM

 

 

Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 25th day of August, 2005.