

# NUMBER 13-12-00496-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE JAMES DOUGLAS DALE

### On Appeal from the 156th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam

This is an attempted appeal from an extradition proceeding based on the non-payment of child support. We dismiss the appeal for want of jurisdiction.

The record in this cause shows that appellant was arrested based on an extradition warrant issued by the Governor of Texas at the request of the State of Missouri. Pursuant to the criminal code, appellant was taken before a judge of this state and informed of the demand from the State of Missouri. *See* TEX. CODE CRIM. PROC.

ANN. art. 51.13 (Vernon 2006). Appellant refused to sign a waiver of extradition. Appellant testified that he was the individual identified in the warrant. The trial court issued an order staying the extradition and holding the appellant in jail, "until the appeal is resolved or further Order of the Court." The trial court informed appellant of his possible right of appeal and appointed appellate counsel. This appeal ensued.

This Court lacks jurisdiction to consider this appeal. The only manner to test the legality of a governor's extradition warrant is through the filing of an application for writ of habeas corpus. *Ex parte Chapman*, 601 S.W.2d 380, 383 (Tex. Crim. App.1980); *Stelbacky v. State*, 22 S.W.3d 583, 587 (Tex. App.–Amarillo 2000, no pet.). Moreover, an appealable judicial determination occurs only if the arrestee challenges the extradition by way of a writ of habeas corpus and receives an adverse ruling by the trial court. *Chapman*, 601 S.W.2d at 383; *McPherson v. State*, 752 S.W.2d 178, 179 (Tex. App.–San Antonio 1988, pet. ref'd, untimely filed*); Martinez v. State*, 688 S.W.2d 201, 202 (Tex. App.–Corpus Christi 1985, no pet.). If no writ of habeas corpus is filed, the arrestee is not in the posture of an applicant for habeas corpus whose prayer for relief has been denied for appellate purposes. *Chapman*, 601 S.W.2d at 383; *Martinez*, 688 S.W.2d at 202. This is so even if the trial court gratuitously holds a hearing on the extradition. *Martinez*, 688 S.W.2d at 202.

Here, the record shows that appellant did not file an application for writ of habeas corpus. Therefore, because our jurisdiction is limited to consideration of an appeal from the denial of habeas corpus relief, we must dismiss appellant's appeal. *Chapman*, 601

2

S.W.2d at 383; *Martinez*, 688 S.W.2d at 202.   Accordingly, the appeal is hereby

DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM


Delivered and filed the
4th day of October, 2012.